CHARLOTTE MURRAY ET AL. *vs.* THE SUPREME LODGE, NEW ENGLAND ORDER OF PROTECTION.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Statements contained in a public record, of matters which the law makes it the duty of the recording officer to ascertain and note, although in their nature hearsay, are nevertheless admissible, when relevant to the issue, as tending to prove the existence and truth of the facts so stated.

In the present case the age of the woman who was insured by the defendant was in dispute. *Held* that certified copies of the records of the registrar of births, marriages and deaths, in which the age of the insured was given, were admissible as tending to prove her age.

Under an allegation that the insured duly performed all the conditions of insurance upon his part, which is denied by the defendant, it is incumbent on the plaintiff to prove the truth of a statement in the application as to the age of the insured.

In its answer the defendant alleged that the insured had falsely and fraudulently misstated the date of her birth in her application, and by this means had procured her policy. This averment was denied by the plaintiff. *Held* that upon the issue of fraud thus raised the burden of proof rested on the defendant.

Argued April 10th—decided June 6th, 1902.

ACTION to recover the amount of a benefit-fund certificate, brought to the Superior Court in New Haven County and tried to the jury before *Roraback, J.;* verdict and judgment for the plaintiff for $1,144 damages, and appeal by the defendant for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*William H. Ely* and *Albert H. Barclay,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

TORRANCE, C. J. The certificate sued upon was issued by the defendant to Ellen T. Murray in May, 1898. In it

the defendant agreed, among other things, that Ellen T. Murray should be entitled " to participate in the relief and benefit fund of the order to the amount of one thousand dollars," which sum, at her death, the defendant in said certificate agreed to pay to the plaintiffs, daughters of Ellen T. Murray. This agreement to pay was made upon certain express conditions, one of which was that statements made by Ellen T. Murray in her application for membership were true. On the trial it was conceded that no person over fifty years of age could lawfully become a benefit member of the defendant society; and the main defense was that Ellen T. Murray, when she joined the defendant society in May, 1898, was over fifty years old, and that she falsely stated the date of her birth in her application, as of March 4th, 1849, when she knew that it was of a much earlier date. The parties were at issue upon this question as to the age of said Ellen T. Murray, and as to whether her statement of the date of her birth in her application for membership was true.

In proof of the age of Ellen T. Murray at the time of her application for membership in the defendant society, the defendant offered in evidence certified copies of the following documents from the records of the registrar of vital statistics of New Haven : (1) the application made by Patrick Murray, the prospective husband of said Ellen, in July, 1865, to the registrar, for a license to marry said Ellen ; (2) the license issued upon said application ; (3) the certificate of the celebrant of the marriage of said parties, indorsed on said certificate of license.

In the application for the license the age of Ellen was stated to be twenty-two years ; in the other writings her age was not stated. The plaintiffs objected to the admission of the application for license, " as irrelevant, immaterial, incompetent, and hearsay," and the court excluded it, but ruled that the other writings were admissible.

The defendant, also for the purpose of proving the age of Ellen when she became a member of the society, offered in evidence the record of said marriage in the books of the registrar as made up from the documents above mentioned, in

which record the age of Ellen was stated to be twenty-two years. To this the plaintiffs objected, " as it appeared from the cross-examination of the registrar that the record contained at most nothing more than " what was contained in the aforesaid documents, and " that so far as the originals were admissible the same were already in evidence, and that so far as the originals were not admissible " the record of them would not be admissible. The court sustained the objection.

For a like purpose the defendant offered in evidence duly certified copies from the registrar's records, of returns of births made to him of children born to said Ellen, by the physicians who attended her, as required by law, in which her age at the time of such birth was stated. This evidence also the court, on objection of the plaintiffs, excluded. Whether these several rulings were correct or not is the principal question in the case.

From a very early period our law has provided for the record of births, deaths and marriages, in some way by some public official. The first Act of this kind seems to have been passed in 1664 (Rev. of 1808, p. 652, note 1), and ever since that time our statute book has contained provisions more or less specific looking to the making and preservation of such records. During the period covered by the documents offered in evidence in the present case, the duty to make and preserve such records was imposed upon a public official called a registrar, elected by the municipality and sworn to faithfully perform the duties of his office. One of his duties was to " ascertain, as accurately as he can, by actual inquiry, and in the manner prescribed by law, all the births, marriages and deaths occurring " in the municipality, and to make a record of the same, " in such form and with such particulars relating to such births, marriages and deaths as shall be prescribed by law." Among other things, his record of births was required to state the age of the child's parents ; and his record of marriages was, among other things, required to state the age of each of the parties to such marriage. It was made the duty of the physician attending a

woman in childbirth to furnish to the registrar a certificate stating, among other things, the age of the mother of the child at the time of such birth; and it was made the duty of the party applying for a marriage license to give the registrar information respecting the age of each of the parties. See Rev. of 1866, p. 300, Tit. 13, Chap. 1, § 1. Under the provisions of § 1089 of the General Statutes of 1888, these records of the registrar can be proved by a copy thereof certified by him. It thus appears that the age of Ellen T. Murray, at the time of her marriage, and at the time of the birth of her children, was a fact which the law made it the duty of the registrar to ascertain, and to make and keep a record of the fact so ascertained. The record thus made was a public record, made by a public official, of a fact which the law required him to find and record, and the record was open to public inspection. The record thus made of this fact the defendant offered in evidence, both in the shape of the record itself, and of a duly certified copy thereof, and the court excluded it on the ground, substantially, that it was hearsay evidence. Now, unquestionably the evidence offered and excluded was hearsay evidence, for it was a statement made extra judicially by one not under oath and not subject to cross-examination, and it was offered in proof of one of the facts stated in it, to wit, the age of Mrs. Murray. Statements so made are generally obnoxious to the hearsay rule, but to that rule there are many exceptions as well established as the rule itself; and among them is one admitting statements made by public officials in a public record made for public use pursuant to law. The books of the registrar, kept according to law, constitute a public official register, and the statements contained therein, when relevant, are admissible in evidence as a clear exception to the hearsay rule. The necessity for the existence of such an exception is found "in the practically unendurable inconvenience of summoning public officers from their posts on the innumerable occasions when their official doings or records are to be proved in litigation;" and the general trustworthiness of such evidence is found in the circumstances

under which the statements are made. 1 Greenleaf on Ev. (16 Ed.) §§ 162*m*, 484–486 ; *Sturla* v. *Freccia*, L. R. 5 App. Cas. 623 ; *Evanston* v. *Gunn*, 99 U. S. 660 ; *Cushing* v. *Nantasket Beach R. Co.*, 143 Mass. 77 ; *Enfield* v. *Ellington*, 67 Conn. 459, 462 ; *Hennessy* v. *Metropolitan Life Ins. Co.*, *ante*, p. 699. .

The evidence offered and excluded in the case at bar comes clearly within this exception to the hearsay rule, and was admissible in proof of the age of Mrs. Murray at the time of her marriage, and at the dates when her children were born. 1 Greenleaf on Ev. (16 Ed.) § 493. It was not, of course, conclusive, nor was it offered as such ; but it was admissible for what it was worth, and the court erred in excluding it.

Another question in the case relates to the charge of the court with respect to the burden of proving the truth of the statement made by Mrs. Murray in her application to the defendant as to her age. The certificate on which the action is based and which is made by reference part of the complaint, was issued, and was to be binding on the defendant, only upon the express condition that the statements made by Mrs. Murray in her application were true in fact. In her application she gave the date of her birth as March 4th, 1849. The complaint alleged that Mrs. Murray had " duly fulfilled all the conditions of said insurance and said certificate on her part to be performed." This general allegation of performance the defendant in its answer denied. Upon the issue thus raised as to the age of Mrs. Murray the court properly instructed the jury that the burden of proving it rested upon the plaintiffs. *Hennessy* v. *Metropolitan Life Ins. Co.*, *ante*, p. 699.

The defendant, however, in its answer, further alleged, in substance, that Mrs. Murray in her application for insurance had falsely and fraudulently misstated the date of her birth, and thereby by her fraud had procured the issue of the certificate. This the plaintiffs in their reply denied. Upon the issue of fraud thus raised the court told the jury that the burden of proof rested upon the defendant, and of this the defendant complains. We think the complaint is groundless, and that the instruction given was correct. The charge of fraud was new

matter brought into the case by the defendant, and it rested upon the defendant to prove the truth of the charge.

In the rulings upon evidence, however, there is error, and for that the judgment is set aside and a new trial is granted.

In this opinion the other judges concurred.