RICHARD EVA ET AL. *vs.* ANNIE E. GOUGH (RICHARD EVA ET AL. APPEAL FROM PROBATE).

* Third Judicial District, New Haven, June Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

There is no occasion for this court to correct a finding when it appears that the desired alterations, in so far as they are material, have already been made by the trial judge.

Under General Statutes, §§ 795, 796 (Rev. 1918,§§ 5830, 5831), appropriate written exceptions should be filed, and the evidence material thereto should be made a part of the record, in order to secure the correction of a finding upon appeal.

* Transferred from first judicial district.

General Statutes, § 318 (Rev. 1918, § 4972), provides that admin-
istration upon the estate of a decedent shall be granted to the next
of kin, or, if reasonable objection thereto is made by any heir or
creditor, to some other person whom the court deems proper.
*Held* that the Court of Probate, upon objection by one of the heirs,
might very properly refuse, in the exercise of its discretion, to ap-
point another heir residing in a distant State who was unfamilar
with probate matters and whose business required his constant
attention at home, especially if it also appeared that there were
antagonisms or irreconcilable differences between the interested
parties.

A marriage record, although not full or complete, is admissible under
General Statutes, § 703 (Rev. 1918, § 5733), as an original entry, to
prove the legitimacy of one who claims to be an heir at law of
the decedent, in an application by her for the appointment of an
administrator upon his estate; and for the same purpose the orig-
inal entry of the applicant's baptism is likewise admissible.

Circumstantial evidence is always competent, and in many cases
sufficient, proof of marriage in civil cases; and this is especially
true of marriages alleged to have been made in New York where
no ceremony, civil or religious, is essential to create the relation
of husband and wife.

The facts in the present case reviewed, and the conclusion of legitimacy
reached by the trial court *held* to have been fully warranted.

Argued June 7th—decided July 23d, 1918.

APPEAL from an order and decree of the Court of
Probate for the district of New Milford appointing
John S. Addis, Esq., of New Milford, administrator
upon the estate of John Eva of Bridgewater, deceased,
taken to and tried by the Superior Court in Litchfield
County, *Maltbie, J.;* facts found and judgment rendered
in favor of the defendant, confirming the action of the
Court of Probate, from which the plaintiffs appealed.
*No error.*

From the finding it appears that John Eva, for many
years a resident of Bridgewater in the probate district
of New Milford, died intestate on December 17th,
1916. He left an estate of about $12,000. This con-
sisted of deposits in Connecticut savings-banks. He
left no lineal descendants surviving him. The de-

ceased had two brothers, William J. and Richard H. Eva. They died before the intestate. William J. left eight children, one of whom is Richard Eva, one of the plaintiffs. These children all resided in Michigan when the testator died. Richard H. Eva was married to Margaret Shannon on February 1st, 1866, by Father John Orsenigo, at Croton Falls, New York; and one child, Annie Eliza, was born of this marriage. On June 26th, 1883, Richard H. Eva married Mary R. Brown at Fredericksburg, Virginia. Three children were born of that union. Annie Eliza went to live with the deceased when she was four years of age, and lived with him most of the time until her marriage. For about twelve years prior to his death, John Eva lived with Annie E. and her husband at Bridgewater, where he died. On December 21st, 1916, Annie E. made application to the Court of Probate for the district of New Milford, requesting that John S. Addis of New Milford be appointed administrator of the estate of her uncle, John Eva. On June 10th, 1917, the children of William J., including the plaintiff Richard, made application to the same court for the appointment of Frank W. Marsh of New Milford as administrator of the estate of John Eva. Upon that application the Court of Probate issued an order of notice for a hearing. The finding does not disclose that this application was ever withdrawn. Subsequently, the plaintiff Richard Eva made another application praying that letters of administration be granted to him. On March 6th, 1917, the Court of Probate heard these applications and found that the heirs had failed to agree on the appointment of an administrator among themselves. It also found that from the appearance and attitude of the heirs toward each other, as shown before the court on the hearing, and from the nature of the testimony offered, it was evident that there existed a strong per-

sonal feeling among those claiming to share in the estate.

All the children of William J. Eva and the children of Mary R. Brown Eva, still desire the appointment of Richard Eva as administrator, but object to the appointment of John S. Addis. The plaintiff Richard Eva is a resident of Michigan. For more than fifteen years before the decease of John Eva, Richard Eva had not seen him and knew nothing of his affairs. During this period he had not been in this State, except. on two short visits, up to the time of the trial. He was for several years a fireman and is now employed as a through freight engineer on the Michigan Central Railroad between Jackson and Detroit, Michigan. He is a person of good appearance and intelligence, apparently about thirty-five years of age. He can procure a leave of absence from his employment at any time, and can obtain free transportation to and from Connecticut. John S. Addis, who was appointed administrator by the Court of Probate, is a disinterested person familiar with the settlement of estates, residing in the town of New Milford, and is a suitable person to act as administrator. Upon his appointment he duly gave bond, qualified, and entered upon his duties as administrator and has since then been performing them.

From the reasons of appeal on which the plaintiffs tried their case in the court below, we ascertain that their contention then was that the deceased, John Eva, left no widow surviving him, and that the plaintiffs are all of the next of kin and the only heirs at law of the deceased; that none of them have refused or are incapable to act as administrator of the estate of the deceased; and that Annie E. Gough is not an heir at law or one of the next of kin of the deceased.

*Martin J. Cunningham* and *Frank W. Marsh,* for the appellants (plaintiffs).

*Leonard J. Nickerson,* for the appellee (defendant).

RORABACK, J.  Several reasons of appeal are based upon alleged errors in finding facts.  These objections are without merit, as the record discloses that a motion was made to obtain a correction of the finding of the Superior Court, and it appears that the corrections asked for, so far as material, were made.  Furthermore, the evidence is not before us, and, besides, there are no exceptions to the finding, as required by General Statutes, §§ 795 and 796 (Rev. 1918, §§ 5830, 5831). The motion is therefore denied.

The plaintiff Richard Eva claims the right to administer upon the estate of the deceased by virtue of the provisions of § 318 of the General Statutes (Rev. 1918, § 4972), which provides that "when any person shall die intestate, the Court of Probate, in the district in which the deceased last dwelt, shall grant administration of the estate to the husband or wife or next of kin, or to both, or, on their refusal or incapacity, or failure to give bond, or upon the objection of any heir or creditor to such appointment, found reasonable by said court, to any other person whom the court deems proper."

The question here presented is a narrow one.  It appears that objection was made to the appointment of Richard Eva by Annie E. Gough, an heir at law and next of kin, which objection the trial court has found reasonable.  It also appears that the court below has found it is for the best interest of the estate that a disinterested person should be appointed, and has also confirmed the appointment of Mr. Addis, which was made by the Court of Probate; so that the only ques-

tion for us to decide is whether or not the action of the Superior Court was a reasonable exercise of the discretion resting in it. The facts disclosed by the record fall far short of showing that it was the duty of the Court of Probate to appoint the plaintiff Richard Eva as administrator. He, and all those whom he represents, were entire strangers to the situation that existed in Bridgewater when John Eva died. They knew but little of him and nothing of his affairs at that time. Richard Eva's only qualification for his appointment was the fact that he is an heir at law and next of kin of John Eva. He is a railroad engineer and presumably unacquainted with probate procedure under the laws of Connecticut. His calling is such that it is fair to assume that, in this critical period in the history of this country, his undivided time and attention are imperatively required at a place hundreds of miles away from the spot where he would frequently be called upon to act if appointed administrator of the estate of John Eva. From the nature of this controversy it is apparent, as the trial court has found, that there are antagonisms and differences existing between the opposing parties now before us, which cannot be easily adjusted or reconciled.

In this connection we have not overlooked the fact that the legitimacy of Mrs. Gough has been questioned by an attempt to show that the marriage of her parents was invalid. Upon the other hand, it appears that John S. Addis, the appointee, is a resident of New Milford, a disinterested person familar with the settlement of estates, and a proper person to act as administrator. The fact that Mrs. Gough has made application for the appointment of Mr. Addis should not militate against his suitability. It appears that Mrs. Gough is an heir at law and next of kin and has a large interest in the estate of John Eva. It has also been

shown that for many years of her life Mrs. Gough has lived with John Eva in Bridgewater. Upon the facts as they are presented by the record, the courts below were fully justified in finding that there was reasonable objection to the appointment of Richard Eva to administer the affairs of this estate. It is almost unnecessary for us to add that we are of the opinion that the Superior Court acted reasonably, and with due regard to the best interest of all concerned, in conferring this appointment upon Mr. Addis.

As we have seen, Annie E. Gough claims to be an heir at law and next of kin of John Eva, the deceased. If that be so, her right to object to the appointment of the plaintiff Richard Eva cannot be denied. Whether her claim in this respect is well founded, depends upon the validity of a marriage contract claimed to have taken place between her father and mother in 1866 at Croton Falls in New York. To prove that the father of Mrs. Gough, Richard H. Eva, was lawfully married to her mother, Margaret Shannon, the appellee offered in evidence a record of marriage, in connection with other facts and circumstances. The following is a copy of the record:—

January 1866
February 1st, Riccard Ida to
Margaret Shannan
James Quinn
Margaret Scully
John Orsenigo.

To the introduction of this evidence the plaintiff Richard Eva objected, upon the grounds that it did not appear to be a record of marriage, or if so, of what marriage or in what place; that it did not show who married them, and that nothing appeared upon the face of the register showing that anybody married these parties; that

it did not show that anybody who was competent to perform the marriage ceremony did, in fact, perform a marriage ceremony between these parties; that there was no evidence that the register was one required to be kept by law; and that it did not appear that these were the identical parties, Margaret Shannon and Richard H. Eva, that are involved in this suit. The Superior Court overruled these objections and admitted the evidence, and this is made a reason of appeal.

In connection with the production and admission of this record, the appellee introduced a credible witness who stated that she knew Richard H. Eva and Margaret Shannon in 1866 and for some time prior thereto; that they resided in the Croton Falls parish in New York; that she knew of their wedding, and that after this event they lived together as man and wife; that about one year after their marriage a child, named Annie, now Annie E. Gough, was born to them; and that she knew of the baptism of this child at Croton Falls. The appellee also called as a witness the Rev. Thomas P. Phelan, pastor of the Roman Catholic parish at Brewster, New York, and the custodian of the records of marriages and baptisms of the old parish at Croton Falls. He produced this original record of marriages performed in the parish at Croton Falls, kept by John Orsenigo, who, as this witness stated, was an Italian, and the parish priest at Croton Falls from 1853 to 1869, and who was generally known and called Father John. The record was kept in all respects according to the rules and customs of the Roman Catholic church. The first entry in the book was "*Ego conjunctivat in matrimonialis.*" Then follows the names of the persons married, names of the witnesses, and the name of John Orsenigo. The appellee, against the objection and exception of the appellant, also placed in evidence the original record of baptisms, showing

the baptism of Anne Eliza Eva, now Annie E. Gough. The entry in this record is as follows:—

March 1867
March 8th, Riccard Ida & Margaret Shannan
Anne Eliza　(b. 13th Feb.
Margaret McGabe
John Orsenigo.

The same person who baptised this child also performed the marriage ceremony just referred to. He spelled the name of the man described therein as "Riccard Ida." He also spelled it in this way in the record of marriages. Father Phelan, who was the custodian of these records, presented the same in court, and stated that he was familiar with Italian and that "Riccard" is the Italian for Richard.

These records, although not full and complete, were admissible. Section 703 of the General Statutes (Rev. 1918, § 5733) provides: "The records of the proceedings . . . of any ecclesiastical society or religious congregation, or copies thereof, certified by their respective clerks, shall be admissible evidence in all courts of such proceedings." These entries were admissible as original entries. Entries in a family bible or religious register are admissible. See 1 Greenleaf on Evidence (16 Ed.) §§ 484, 493; *Northfield* v. *Plymouth*, 20 Vt. 582. The records of baptisms made by the minister of a parish are evidence of the fact. *Huntly* v. *Compstock*, 2 Root, 99, 100.

The courts of Connecticut take judicial notice of the statute laws and judicial decisions of other States. General Statutes, §§ 697, 698 (Rev. 1918, §§ 5726, 5727). As the marriage contract, if any, was made in New York, it becomes important to notice the laws of that State. 26 Cyc. 829. In *Hynes* v. *McDermott*, 82 N. Y.41, Chief Justice Folger, in discussing this proposition, adopted

the doctrine laid down in *Brinkley* v. *Brinkely*, 50 N. Y. 184. This is stated as follows (p. 46): "By the law of this State, a man and a woman who are competent to marry each other, without going before a minister or magistrate, without the presence of any person as a witness, with no previous public notice given, with no form or ceremony civil or religious, and with no record or written evidence of the act kept, and merely words of present contract between them, may take upon themselves the relation of husband and wife, and be bound to themselves, to the State and to society, as such; and if after that the marriage is denied, proof of actual cohabitation as husband and wife, acknowledgment and recognition of each other to friends and acquaintances and the public as such, and the general reputation thereof, will enable a court to presume that there was in the beginning an actual and *bona fide* marriage." Under certain well-known principles of administration, the difficulty of making proof receives constant recognition by the court. The actor, in any case, will be required, and, within the limits of sound reasoning, permitted, to present to the court the best and fullest case that it is within his power to offer. In this respect the element of remoteness is an important one. It follows that where the fact in question comes to the tribunal from a time beyond memory, roughly placed by a rule of procedure at thirty years, it will readily be assumed that all conditions necessary to its legal validity existed. *Enfield* v. *Ellington*, 67 Conn. 459, 463, 34 Atl. 818; *New York, N. H. & H. R. Co.* v. *Cella*, 88 Conn. 515, 520, 91 Atl. 972. When a marriage has been shown, the law raises a strong presumption in favor of its legality, and the strength of this presumption increases with the lapse of time. *In re Sloan's Estate*, 50 Wash. 86, 96 Pac. 684; *Franklin* v. *Lee*, 30 Ind. App. 31, 62 N. E. 78; 16 L. R. A. (N. S.) p. 99,

note.   Circumstantial evidence is always competent, and in many cases sufficient proof, of marriage in civil cases.   18 Ruling Case Law, 421, and cases cited in note 18.

Looking at the facts in the present case, we find that the appellee took one important step in proof of her contention that there was a marriage between the parents of Mrs. Gough, by the introduction of the record of marriages at Croton Falls in 1866.   The act of baptism, shown by the records upon this subject, speaks in most significant language as to the legitimacy of Mrs. Gough.   Much stress is laid on the fact that in these records the husband and father is described as "Riccard Ida" and not Richard Eva as he would have been if he were in fact the party now referred to. It is fair to assume that these misdescriptions were made owing to the fact that an Italian priest performed the ceremonies of marriage and baptism in question. The assumption that these parties were not the identical ones now referred to, has but little force when this fact is considered in connection with the other circumstances presented by the record.   In support of the view that a marriage relation existed between these parties, in addition to the facts hereinbefore referred to, it appears that the woman took the name of Eva; that they cohabited together as man and wife; and that they had a daughter who always bore the name of Annie E. Eva until her marriage with Gough.   The facts found fully warranted the Superior Court in reaching the conclusion that a lawful marriage existed between Richard H. Eva and Margaret Shannon.

There is no error.

In this opinion the other judges concurred.