### NELLIE GETT *vs.* EDWARD A. ISAACSON.

First Judicial District, Hartford, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Ordinarily it is within the discretion of the trial court to determine to what extent, if at all, it will refer to or comment upon purely evidential facts in its charge to the jury; and this is especially true if no request to charge is made touching any such matter.

The certificate of the registrar of births, marriages and deaths is competent evidence, corroborative or independent, or both, of any fact therein stated which it was his official duty to ascertain and record.

Every public officer acting as such is presumed to have done his duty until the contrary appears.

Argued January 5th—decided March 1st, 1923.

ACTION to recover damages for an alleged breach of promise to marry, and for work and labor done at de-

fendant's request, brought to the Superior Court in Hartford County and tried to the jury before *Marvin, J.;* verdict and judgment for the plaintiff for $10,000, and appeal by the defendant. *Error and new trial ordered.*

*Josiah H. Peck,* with whom, on the brief, was *Carlyle C. Thomson,* for the appellant (defendant).

*Percy S. Bryant* and *Richard H. Deming,* for the appellee (plaintiff).

CURTIS, J. This is an action in two counts: the first to recover damages for a breach of promise to marry, the second to recover for work and labor done at the defendant's request.

The defendant, in his appeal, sets forth eight reasons. In his argument and on his brief he has pursued only the second, fourth, seventh and eighth reasons. The seventh and eighth reasons relate to the failure of the court in its charge to refer to or comment upon the conflicting evidence as to the plaintiff's relations with other men during the claimed existence of the defendant's promise to marry her. It is not the duty of the court in its charge to refer to or comment upon each fact or each subject as to which evidence has been offered. It must be left ordinarily to the sound discretion of the court to determine to what extent, if at all, it will refer to or comment upon purely evidential facts. The defendant made no request to charge as to such evidential facts and without such request a failure to refer to or comment upon them could not ordinarily constitute an abuse of discretion and an error on the part of the court. The seventh and eighth reasons of appeal are not well taken.

In her complaint the plaintiff, after setting forth a

breach of promise to marry her by the defendant, alleged as follows: "The plaintiff, confiding in said promise and believing the representations of the defendant that he loved her and intended to marry her, yielded to his solicitations and permitted him to have sexual intercourse with her on or about April 1st, 1914, and subsequent thereto. By reason of said sexual intercourse she became pregnant and on April 2d, 1915, was delivered of a male child now living." Upon the trial she offered evidence in support of these allegations and tending to prove that on February 26th, 1915, the defendant went with the plaintiff to Grace Hospital in New Haven, and told her to give the hospital authorities a fictitious name, to tell them that she had been married, and to notify him when her baby was born; all of which she did, giving the name of Helen Koransky, and that at defendant's suggestion she told the hospital authorities that the father of the child was John Koransky, a painter living in Hartford, to whom she was married and that he was dead; and on April 2d, 1915, the plaintiff was delivered of a boy who was still living at the time of the trial.

Upon the trial the defendant offered in evidence a certified copy of the birth record found in the records of the registrar of births, marriages and deaths of New Haven, a copy of which is set forth in the footnote.

No. 277.          Copy of Birth Record.

Recorded in the Books of the City of New Haven, Connecticut.
Full name of Child—Albert Korinosky.
Place of Birth, Town of New Haven, State of Connecticut, No.
    Grace Hosp.          Street.
Date of Birth—2 day of April, 1915.
Name of Father—John Korinosky. Sex of Child—Male.
Residence of Father, Town of Hartford, Ct. No.          Street.
Birthplace of Father, Town of Russia.
Occupation of Father—Painter. Age 28. Color—White.
Maiden name of mother—Helen Gett. Age 22. Color—White.

This certified copy was offered as evidence tending to prove the paternity of the child mentioned therein. To the admission of the certified copy for that purpose the plaintiff objected, and the court sustained the objection, admitting the copy for the limited purpose of tending to prove the date of birth, identity of the mother, color and sex of the child. To this ruling the defendant excepted.

The Public Acts of 1905, Chapter 11, in force in 1915 (now General Statutes, § 324), provide as follows: "Every registrar of births, marriages, and deaths shall ascertain as accurately as he can all marriages and deaths occurring in his town; and all births, upon the affidavit of the father or mother, and record the same in a book or books kept by him for that purpose, in such form and with such particulars as shall be prescribed by the State board of health. . . . When any birth or death shall happen of which no certificate shall be returned to him, he shall obtain the information required by law respecting such birth or death." Also the Public Acts of 1907, Chapter 91 (now § 329), in force in 1915 at the date of the claimed birth of the child, provided that "every physician . . . who shall have professional charge of the mother at the birth of any child . . . shall . . . furnish the registrar of the town wherein such birth may have taken place a certificate, signed

---

Birthplace of Mother—Russia.

Number of Child—1. Number now living—1.

Remarks ——————.

  Signature of physician or person making return:

                    W. H. Nugent, M. D.

I certify that the foregoing is a true copy of the record.

                    Attest: John P. Buckley,

(Seal)                                    Assist. Registrar.

 Registrar

Birth, Marriages & Deaths.

Town of New Haven, Connecticut.

Dated at New Haven, Connecticut, this 23 day of Sept. 1922.

by such physician . . . and stating, from the best
information which can be obtained, the name, if such
child have a name, the place and date of birth, the sex,
the name of the father, the maiden name of the mother,
the age, color, residence, and birthplace of each of the
parents, the occupation of the father, the number of
the child, and the name and address of the medical
attendant." This Act provides an additional source
of information for the registrar. The registrar of
births, marriages and deaths of New Haven, recorded
a birth record of the plaintiff's child in the record book
in New Haven, in the terms of the certified copy of
the birth record offered in evidence. The registrar is
a public officer and in the performance of his duty as a
registrar of births is presumed to have observed all
proper formalities. *Ward* v. *Metropolitan Life Ins. Co.*,
66 Conn. 227, 239, 33 Atl. 902. The certified copy of
the birth record is to be presumed to contain only
such particulars as were then prescribed by the State
board of health. "Every man acting officially shall
be presumed to have done his duty, until the con-
trary appears." *State* v. *Main*, 69 Conn. 123, 140, 37
Atl. 80. In *Hennessy* v. *Metropolitan Life Ins. Co.*,
74 Conn. 699, 706, 52 Atl. 490, we discussed the evi-
dential value of a death record. We held that the
defendant in that case had a right to introduce a certi-
fied copy of the death record of the registrar of births,
marriages and deaths as to the death of John Hen-
nessy, "as corroborative evidence [of the testimony of
a physician who had filed a certificate], and also as
independent evidence of the facts recorded." "As
a general rule, when some enactment or rule of law
requires or authorizes a public officer to make a certifi-
cate or statement in writing as to some matter or fact
pertaining to and as a part of his official duty, such
writing is competent evidence of the matter or fact

stated or certified." Encyclopædia of Evidence (Vol. 2) 963; 22 Corpus Juris, p. 791, p. 814, § 926; *Enfield* v. *Ellington,* 67 Conn. 459, 34 Atl. 818; *Hellman* v. *Karp,* 93 Conn. 317, 105 Atl. 678; *Eva* v. *Gough,* 93 Conn. 38, 104 Atl. 238; *Murray* v. *Supreme Lodge,* 74 Conn. 715, 52 Atl. 722. The second and fourth reasons of appeal are well taken.

There is error and a new trial is ordered.

In this opinion the other judges concurred.