## MRS. JOHN J. (MARGARET) FRY ET AL.
*vs.*
## GEORGE R. CLOSE, TOWN CLERK OF STAMFORD ET ALS.

## STATE EX REL. MRS. JOHN J. (MARGARET) FRY ET AL.
*vs.*
## GEORGE R. CLOSE, TOWN CLERK OF STAMFORD ET ALS.

Superior Court      Fairfield County      File Nos. 61107
61108

MEMORANDUM FILED OCTOBER 4, 1940.

*Mark C. Candee,* of Greenwich, for the Plaintiffs.

*Russell Roberts,* of Stamford, and *Frank J. DiSesa,* Assistant Attorney General, for the Defendants.

McEVOY, J.    These two actions were tried together.

In the first the court is asked to "enjoin the defendants from placing the said names submitted by defendants Gallo and Ferguson under the party designation 'Fusion' on the ballot labels on the voting machines to be used at the election to be held in and for the said city and town of Stamford on the first Monday of October, 1940."

In the second case there is sought an injunction requiring the defendants to place on the ballot labels, on the voting machines, a list of names filed by and on behalf of the plaintiffs.

The mandamus proceeding was brought before a judge of the Superior Court. The parties have now stipulated that the cause, although returnable before and returned to a judge, should be amended so that it may now be returnable to and be heard and adjudged by the court. Upon the assumption that this may be done, but without deciding that it may be done, the matter is proceeded with as if the case were actually in court instead of before a judge.

The principal plaintiff, in these two actions, is Margaret Fry.

For many years she has been a member of the named "Fusion Party."

In the month of June, 1940, Mrs. Fry wrote to a state official seeking advice as to any papers which might be filed "which would keep those as the only Fusion Party in Stamford until such time as we agree to dissolve it."

One week thereafter the official wrote to her a courteous letter, but not in the line of duty, suggesting a method by which the sole use could be "partially" secured.

Thereafter six persons undertook to associate themselves as "The Stamford Fusion Party" and, in that endeavor, on June 27, 1940, filed articles of association with the Secretary of State in behalf of "The Stamford Fusion Party, Incorporated."

These incorporators and certain individuals bring these actions upon the theory that they are the real "Fusion Party" of Stamford; that they should be recognized as such and that the Town Clerk of Stamford, the Selectmen of the Town of Stamford, the Registrars of the Town of Stamford, and two individuals, who purport to be officers and members of the Fusion Party of Stamford, be required to recognize the plaintiffs as the real Fusion Party of Stamford and to act in accordance with that recognition.

The plaintiff and six other persons, claiming to be a "committee" of the Fusion Party purported to act, as such "committee", by and on behalf of all of the members of the Fusion Party who, at that time, numbered approximately 400 members.

Not only was no notice given of the proposed meeting to the members of the association, as distinguished from the "committee", but steps were taken to see to it that none of the

members, outside of the named committee, had any notice or knowledge of the proposed meeting.

Subsequently the association purported to have filed with the proper officials a "nominating petition" designed to induce these officials to cause to be placed their ballot labels on the voting machines to be used in the election in the City and Town of Stamford on the first Monday of October, 1940.

On the other hand some of the defendants, purporting to represent "The Fusion Party" of Stamford also filed a petition with these officials, which petition contained other names than the ones contained on the list previously filed by the "association."

These officials in the course of their duties, have elected to accept and certify the petition filed by some of the defendants and those whom they represent.

One of the claims advanced by the plaintiffs is that the defendants, who claim to be members of the "Fusion Party" are no longer members because they have been "dropped" from membership in the Fusion Party.

The theory upon which they were "dropped" seems to be that, at a previous time, the "committee" of the Fusion Party, as distinguished from the membership thereof, came to an informal agreement among themselves that persons of certain classes, and others charged with the commission of certain offenses should be noneligible for membership.

These items of qualification or disqualification at best, merely attempt to establish certain bases for action. They were never proposed or adopted by the "Fusion Party" as such, but merely by the "committee."

None of the members, now claimed to have been "dropped", ever had any opportunity to know that any charges were preferred against them, that they were within any prescribed class, or to have an opportunity to be heard, nor were they heard, upon any of those "charges."

In the course of the presentation of the evidence in these two cases, questions were asked and answers given as to the date of the filing of the petition by the defendant members of the "Fusion Party."

This question is not raised by the pleadings, although, upon

the argument, full opportunity was given by the court to file any proposed amendments to the pleadings.

Since the action of the filing officials is challenged in this action, these officials would be entitled to be heard upon the claim that a certificate accepted and duly certified by any of them was not filed in time.

The claim seems to have been parenthical, rather than basic, and since it is not raised as an issue upon the pleadings it is not properly before the court for decision.

The plaintiffs also seek equitable relief.

It was obviously apparent to all concerned that, if any objection were to be made to the action and decision of any of the named officials, then, in the exercise of good faith, speedy action should have been taken.

About two weeks delay has occurred.

This delay justifies a finding of laches and unwarranted delay on the part of the plaintiffs and it is found that the plaintiffs are properly chargeable with laches.

The plaintiffs have made another claim, which seems to have been made parenthically, but without any basis for an adjudication of it upon the pleadings. The claim is this: that certain claimed representatives of the defendant faction of the "Fusion Party" and certain persons claimed to have been "endorsed" by the defendant faction may not legally be either endorsed or designated as members of the "Fusion Party" for the reason that some of them have recently attempted to alter their political affiliations by attempting to have themselves transferred from one party to another in violation of the statutory laws of Connecticut which govern such transactions.

Paradoxically, these plaintiffs now ask that certain persons, who, concededly, belong to opposing political organizations, be recognized as members of the "Fusion Party" and that these members of other political parties be "endorsed" by the "Fusion Party" and that this court order the Secretary of State and, correspondingly, the election officials of the Town and City of Stamford, to place their names upon the ballot to be placed upon the voting machines at the Town and City elections.

Primarily, this issue is not raised by the pleadings and it may not be adjudicated.

The testimony seems to have been uncontroverted that it is the policy of the "Fusion Party" in Stamford to welcome into its ranks duly registered members of each of the other political parties and to "endorse" members of other political parties as candidates for office.

Even if the issue as to the feasibility of this were raised by the pleadings, it would present what seems to be anomalous and perhaps paradoxical situations, in that it would purport to permit one faction to do what, it is claimed, the other faction should not be permitted to do.

It is found that the plaintiffs and the association recently organized by the plaintiffs do not constitute the "Fusion Party" of Stamford; that the plaintiffs have no right to the use of that name; that the plaintiffs have no right to act either for or on behalf of the "Fusion Party" of Stamford.

It is found that the original "Fusion Party" formed and, voluntarily, associated in about 1936 and, existing since that time and at the present time, is legally represented by the representatives of the "Fusion Party" named, as defendants, in these actions.

It is further found that the officials have acted in accordance with the facts, and with the law, in accepting, filing and certifying the designated list filed by the defendant members of the "Fusion Party" and on their behalf and that this list forms the basis for a list to be placed upon the voting machines in the City and Town of Stamford at the election to be held on the first Monday of October, 1940.

As to the mandamus: "Although [it is] in this sense discretionary in the court to grant or refuse this remedy, yet it is not an absolute and arbitrary discretion, but the power is to be exercised, and may be regulated and controlled by certain rules of law dictated by experience, and incorporated into our system of judicature. . . . The distinction between an absolute discretion, and that which is governed by legal rules is well recognized. The former is not reviewable, the latter is." *People ex rel. Gas-Light Co. vs. Common Council,* 78 N.Y. 56, 61.

As to the judgment: A judgment based upon facts found by the trial court but not involved in the issue or issues raised by the pleadings, is erroneous and cannot be upheld. *Greenthal vs. Lincoln, Seyms & Co.,* 67 Conn. 372.

As to the action of the officials: Every man or woman acting officially shall be presumed to have done his or her duty, until the contrary appears. *Gett vs. Isaacson,* 98 Conn. 539, 543; *Salt's Textile Mfg. Co. vs. Ghent,* 107 id. 211, 215.

Upon the issues raised by the pleadings, the plaintiffs have failed to sustain the burden of proving the essential allegations of their complaint by a fair preponderance of the evidence.

The issues are found in favor of the defendants, in each case, and judgment may enter, in each case, accordingly.