CLARENCE D. LANE *vs.* JAMES McLAY.

Third Judicial District, Bridgeport, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The plaintiff sought to recover $150 paid by him to the defendant as part of the purchase price of a second-hand automobile which the defendant had admittedly agreed to put into running condition, but, as the plaintiff claimed, had failed to do so. In charging the jury the trial court instructed them that there was but little difference between an obligation to put such a car in "first-class running condition," and one to put it in "running condition"; that in either event the obligation implied that the car would run and continue to run under ordinary conditions for a reasonable length of time, except for causes thereafter arising due to the fault or neglect of the plaintiff. *Held* that this was sufficiently broad and favorable to include all that the defendant claimed upon this branch of the case, and afforded him no just ground of complaint.

Whether the purchaser of such a car has been given a reasonable time in which to test its running condition is generally a question of fact for the determination of the jury.

Payment of part of the purchase price of such a car is not conclusive evidence of its acceptance by the buyer.

While the burden of proof that the car was not in the running condition which the defendant promised to put it in, rested upon the plaintiff, it was not necessary for him to show specific defects in particular parts of the car.

The trial court charged with reference to the plaintiff's right to rescind the contract in case the defendant failed to put the car into proper running condition. *Held* that although the allegations of the complaint were somewhat indefinite and obscure upon this point, yet in view of the facts averred and of the evidence tending to support

Lane *v.* McLay.

this right, which was received without objection, and in the absence of any request of the defendant to instruct the jury with reference thereto, the defendant was not now entitled to a reversal of the judgment upon this feature of the case.

The failure to instruct the jury upon a matter which has no material bearing upon the important issues before them, is not a ground of error; especially in the absence of any request to charge upon that point.

In an action to recover back money paid, upon the theory of a rescission of the contract, there is no occasion to charge the jury as to the measure of damages for a breach of warranty.

Argued October 25th—decided December 19th, 1916.

ACTION to recover a payment of $150 made by the plaintiff upon the purchase price of a second-hand automobile which the defendant had failed to put in running order, pursuant to his alleged agreement, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Arthur B. O'Keefe* and *John Cunliffe, Jr.,* for the appellant (defendant).

*Charles T. McClure* and *Hugh J. Murphy,* for the appellee (plaintiff).

RORABACK, J. It appears from the complaint that this action was brought to recover the sum of $150, which the plaintiff alleges he paid to the defendant as a part of the purchase price of a second-hand automobile which the defendant agreed to put in first-class condition and had neglected so to do, although he was given more than a reasonable time to perform his undertaking. The complaint also alleges that in addition to the sum of $150, which was paid to the defendant as a part of the purchase price of the automobile, a carriage and harness

valued at $65 were to be turned over to the defendant when the automobile was found to be in first-class running condition. The complaint also alleges that repeated demands had been made upon the defendant to furnish this automobile in first-class running condition, also to repay the sum of $150, all of which were unavailing.

The defendant, in his answer, admitted the payment of $150, but denied all the other allegations of the complaint. By way of counterclaim the defendant claimed to recover damages of the plaintiff because, as averred, he sold and delivered to the plaintiff the automobile in question, for the consideration alleged in the plaintiff's complaint; that the plaintiff accepted the same and paid him $150 as a part of the consideration therefor; and that he had neglected to deliver the harness and carriage as he agreed to do.

The plaintiff, as he had alleged, offered evidence to prove that the defendant agreed to put the car in first-class running condition. The defendant denied this, but admitted, upon the trial of the case, that he agreed to put the car in running condition. Upon this point the jury were instructed, in effect, that there was not much difference in the law in the meaning of those two terms. The jury upon this subject were also told: "Now running condition, gentlemen, is to be construed in its ordinary meaning as it is understood by the common speech of men. It does not mean running for a few minutes or running for a few miles, but is what is commonly understood by persons when the term running order is used, or 'running condition'; that is that it will run under ordinary conditions, and continue to run under such conditions for a reasonable time, except for causes thereafter arising, due to no fault of the seller, or for causes due to the fault or neglect of the purchaser."

These instructions left to the jury the inquiry whether

or not the defendant put the automobile in the "running condition" which he conceded he was bound to do. These remarks were broad enough to include all that the defendant claimed upon this branch of the case, and he should not be allowed to complain of such action which was favorable to his contention.

The defendant, in support of his answer, introduced evidence tending to prove that after the plaintiff had been given a reasonable time to try the automobile in question, he accepted it and paid the $150 as a part of the purchase price. This the plaintiff denied. The defendant also introduced certain facts and circumstances which tended to prove that his contention upon this part of the case was true. Upon this point the jury were properly told that a reasonable time was generally a question of fact, and that it was for them to determine, under all the facts and circumstances, whether the plaintiff did have a reasonable time in which to try this car, to determine whether it was in running condition or not.

The trial court was right in instructing the jury that payment of a part of the purchase price was not conclusive evidence of the acceptance of the automobile by the plaintiff.

It was not necessary for the plaintiff to show specific defects in particular parts of the car. The jury were properly informed that the burden was upon him to prove that the car was not in the "running condition" in which the defendant agreed to put it.

The defendant has no good cause to complain of the following instruction: "If the plaintiff, who had the right under the agreement, if the conditions were not fulfilled as claimed by him, to return that car to the defendant, under the terms of the agreement that he might return it if it did not prove satisfactory, as the plaintiff claims, and the defendant accepted that car

either by express language or conduct, or if he thereafter exercised dominion over it, then there would be a rescission of the agreement upon the part of the parties, and under such circumstances they would be restored to their original condition; that is, the condition existing prior to the agreement, and under such circumstances the plaintiff would be entitled to recover back the $150 which he had paid."

While the allegations of the complaint now before us are somewhat indefinite and obscure, yet it may be fairly implied from the facts alleged, that the plaintiff claimed that in his agreement with the defendant he had the right to rescind the contract which he had made. There was no motion upon the part of the defendant to make the complaint more specific and definite. The record also discloses that the plaintiff, without objection upon the part of the defendant, was allowed to offer evidence to show that the defendant agreed that if he failed to put the automobile in "first-class running condition," the plaintiff would not be obliged to keep it but could return it to the defendant. In the absence of any request to charge, upon the part of the defendant, it is clear that, under the circumstances referred to, the defendant is not now entitled to a reversal of the judgment upon this feature of the case.

The charge as a whole was fairly adapted to the issues raised by the pleadings, the evidence and claims of the parties. There were no objections to the evidence offered by the plaintiff nor any request to charge made by the defendant.

Six assignments of error are based upon omissions to charge the jury upon different subjects.

The first of these objections has already been answered in what we have stated upon the matter of rescinding the contract.

The second of these assignments is based upon an

alleged error in omitting to instruct the jury upon a matter which had no material bearing upon the important issues before the jury. In the absence of a request to instruct the jury upon this point this objection is without merit.

The statement that we have just made as to the last assignment of error is also applicable to the exception next in order.

Another contention is that the court below erred in not instructing the jury as to the measure of damages for a breach of warranty. The record discloses that the court correctly stated to the jury that the plaintiff, under certain conditions, might rescind the sale, return the goods, and recover a part of the purchase price which he had paid. As we have interpreted the charge, there was no substantial error in this.

The last exception, which relates to an omission to charge, is too vague and indefinite to raise any question supported by the record.

There is no error.

In this opinion the other judges concurred.