MICHAEL ZAZZARO *vs.* THE COLONIAL ACCEPTANCE CORPORATION ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

252

Argued June 6th—decided July 18th, 1933.

*Jacob Schwolsky,* for the appellant (plaintiff).

*Frederick J. Corbett,* with whom was *David Haymond,* for the appellees (defendants).

BANKS, J. Plaintiff purchased a used automobile from Harry A. King Motor Company under a condi-

tional sales contract dated August 31st, 1931. The "list price" of the car was $1050, plus a so-called "finance charge" of $106, making the "total price delivered" $1156. Plaintiff paid $200 down, received an allowance of $250 on an old car, and gave a note for $706 for the balance of the purchase price, payable in monthly instalments of $59 each. The sales contract provided that if any instalment of the note was not paid when due the entire purchase price should become immediately due and payable, and in that event the seller or its assigns might take possession of the car and sell it at public or private sale, crediting the proceeds of the sale less expense upon the purchase price, the purchaser to remain liable for the balance of the purchase price. As a part of the same document the King Motor Company assigned all its rights under the sales contract to the named defendant and endorsed the plaintiff's note to it without recourse. The plaintiff made no payments on the note and the Acceptance Corporation took the car into its possession on October 17th, 1931. The plaintiff contended that the finance charge of $106 was usurious, rendering the note uncollectible under our usury laws, General Statutes, Chapter 241; that he was not therefore in default, and that the defendant unlawfully took the car from his possession. The court held that the finance charge was an enhancement of price on account of an instalment sale, and that the transaction was not a loan, and not usurious.

The court found that the plaintiff was told that $1050 was the cash price of the car and that if it was purchased on time there would be finance charges, and the price would be larger. It also found that the charge was made in anticipation of certain services, disbursements and risks attendant upon a conditional sale with instalment payments, and was in addition to the cash

price of the car. These findings are attacked on the ground that the other facts found, and the excerpt from the evidence certified, show that this was a finance charge and not an addition to the cash price because of a sale on time. The charge is referred to in the evidence and throughout the record as a "finance charge." That does not determine its character as either an enhancement of price on account of an instalment sale or an interest charge upon a loan. The court concluded that it was the former and the subordinate facts support that conclusion. The cash price of the car was $1050, and in the conditional sales contract the item of $106 is added to make up the "total price delivered" of $1156, which was quite obviously the price of the car when bought on the partial payment plan. The transaction was the very common one in which a credit corporation "finances" the purchase of an automobile by advancing a part of the purchase price to the dealer, taking an assignment of the conditional sales contract executed by the conditional vendee. The credit company assumes the risk of the collection of the instalment payments, and its so-called "finance charge" is generally held to represent the increased charge made to the conditional vendee because the sale is of that character. See cases in annotations in 48 A. L. R. 1442, and 57 A. L. R. 880.

When property is sold on credit at an advance over the cash price, in good faith, and with no intention to defeat the usury laws, the transaction will not be held usurious though the difference between the cash price and the credit price, if considered as interest, would amount to more than the legal rate. *Bridgeport L. A. W. Corporation* v. *Levy*, 110 Conn. 255, 259, 147 Atl. 841; 27 R. C. L. 214; 39 Cyc. 927; A. L. R. annotations, *supra*. Our statutes provide that no one shall "directly or indirectly loan money to any person" at

more than the lawful rate of interest, and that no one with intent to evade the provisions of the statute shall accept a note for a greater amount than that actually loaned. General Statutes, §§ 4732, 4733. The court has found that this transaction was not a loan and that there was no intent on the part of the defendant to evade the usury statutes, and the facts found support these conclusions.

The defendant filed a counterclaim under which it sought to recover from the plaintiff the difference between the amount due it on the note and the value of the car when it took possession of it, under the clause of the conditional sales contract, printed in the footnote, which gave it the right, upon repossessing the car after a default, to sell it at public or private sale, and recover from the plaintiff the difference between the balance due on the purchase price and the net proceeds of the sale. The defendant did not sell the car but retained it in its possession. It offered evidence upon the trial as to its market value at the

In event of default in any payment when due or failure of the purchaser to perform or keep any agreement herein contained, the purchaser further agrees that the seller (or his assigns) or any sheriff or other officer of the law may take immediate possession of said motor vehicle with all attachments and equipment thereon without prior notice or demand, and for this purpose may enter upon the premises where said property may be and remove the same, and further may sell said property so retaken at public or private sale with or without demand upon, and with or without notice to, the purchaser, and upon such terms and in such manner as the seller (or his assigns) may determine; and the seller (or his assigns) may bid at any public sale. In event of sale, as above provided, the seller may deduct from the proceeds thereof all expenses for retaking, repairing and selling said motor vehicle, including a reasonable attorney's fee; the balance of said proceeds shall be credited on the purchase price and the purchaser shall remain liable for the balance of said purchase price with interest as above provided. The right of repossession and sale shall not exclude any legal remedy which the seller (or his assigns) otherwise might have against the purchaser.

time of the retaking which was received without objection. The court found that the value of the car at that time was $550 and gave judgment for the defendant upon its counterclaim for $156, the difference between the amount of the note and the value of the car.

This judgment was based upon the conclusion of the court that the plaintiff, by failing to plead a credit on the note on account of the retaking of the car, and failing to object to evidence of the value of the car, had waived the provision in the conditional sales contract for the sale of the car and the credit of the sale price upon balance due on the note. The plaintiff in his reply denied the allegation in the counterclaim that under the terms of the sales contract the defendant had the right to repossess the car and sue concurrently for a deficiency judgment. The value of the car was in issue under the complaint alleging its conversion by the defendant, and the plaintiff could not have successfully objected to evidence as to its value. We are unable to see that the plaintiff, either in his pleadings or by his failure to object to evidence, waived a compliance with the method provided in the sales contract for determining the amount of credit to be given upon the purchase price of the car.

The sales contract provided that the right of repossession and sale should not exclude any legal remedy which the seller or its assigns might otherwise have against the purchaser. Aside from the provision in the sales contract giving the defendant the right to repossess and sell the car and recover the difference between the balance due on the purchase price and the net proceeds of the sale, the defendant had the choice of two legal remedies, it could either treat the sale as an absolute one and sue on the note, or it could retake and retain the car. It could not retain possession of

the car and at the same time recover upon the note. *Crompton* v. *Beach,* 62 Conn. 25, 25 Atl. 446. Any recovery by it upon the note, after retaking possession of the car, was conditioned upon a sale of the car and a credit of the proceeds upon the balance due on the note. The sales contract did not give the defendant the additional option of retaining the car and charging the purchaser with a deficiency, the amount to be determined in some other manner. The defendant was not entitled to a deficiency judgment under its counterclaim, and the judgment cannot be sustained upon the ground that, had the defendant exercised its right to sell the car, and credit the proceeds upon the note, the result might have been less favorable to the plaintiff.

There is error in part, and the cause is remanded with direction to the City Court to enter judgment for the defendant upon the complaint and for the plaintiff upon the counterclaim.

In this opinion the other judges concurred.