ALLAN WALCOTT *vs.* JAMES FALLON, JR., ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 7th—decided March 6th, 1934.

*Walter W. Smyth,* for the appellant (plaintiff).

*Harry F. Spellman,* for the appellee (defendant Membrino).

*John T. Monzani,* for the appellee (defendant Fallon).

BANKS, J.   Upon the finding, which is not subject to material correction, the following facts appear: On April 22d, 1931, the plaintiff sold to Archie Boisvert a Packard sedan upon a conditional bill of sale which was duly recorded, and took from Boisvert twenty-four notes of $30 each payable at intervals of one month.   In September, 1931, the car was seized by United States officials in Vermont and forfeited for the illegal transportation of liquor.   The plaintiff learned of the seizure of the car in October, 1931, and employed Sylvester, an attorney in St. Albans, Vermont, to procure its return.   Plaintiff was informed by Sylvester that if he paid $275 and $23.35 costs within thirty days from February 10th, 1932, he could have the car.   Plaintiff did not know the condition of the car or whether it would pay him to redeem it and made no effort to ascertain.   Plaintiff did not advance the money required for the redemption of the car, did not instruct Sylvester to redeem it and believed that it would be sold at a judicial sale.

The defendant Membrino was told by plaintiff's attorney that the plaintiff did not intend to redeem or acquire the car and informed the plaintiff through his attorney that he intended to communicate with Sylvester concerning the purchase of the car for himself.   Membrino did communicate with Sylvester and instructed him to buy the car, and on March 11th, 1932, obtained the car through him upon the payment of $320.   Sylvester, without the knowledge of Membrino, and without the knowledge or authority of the plaintiff, gave a receipt for the car to the United States government in the name of the plaintiff.   The plaintiff's right to redeem expired on March 11th,

1932, but had not expired when the car was redeemed. Membrino traded the car to one Deconnick and Deconnick sold it to the defendant Fallon.

On April 5th, 1932, after plaintiff's period of redemption had expired, he brought suit against Boisvert, the original vendee of the car, upon six of the notes given upon the purchase price of the car, which were then due and unpaid. On May 1st, 1932, the plaintiff saw the car in Waterbury and learned for the first time that Sylvester had redeemed it. He thereupon withdrew the action against Boisvert and brought this replevin action against Fallon. Fallon notified Membrino to come in and defend the action, and he was made a party defendant. The trial court held that the plaintiff had abandoned the car to the government, and that he was estopped to reclaim it, under the conditional bill of sale, from Membrino's vendee.

The car had been forfeited to the government because of its use in the illegal transportation of liquor. The plaintiff could have redeemed it by paying $298.35 within thirty days after February 10th, 1932. This he did not do, and therefore lost whatever interest he had in the car under the conditional bill of sale. Any title that he can now claim to have must be based upon the assumption that Sylvester redeemed the car as his attorney and in his interest. The plaintiff in his reply alleges that Sylvester's action was taken without his knowledge or consent or authority. He did not instruct Sylvester to redeem the car, did not advance the money required for its redemption, and understood that it was to be sold at a judicial sale. That Sylvester, without the knowledge or authority of the plaintiff, gave a receipt to the government in his name, did not alter the real nature of the transaction. Membrino paid the money required to obtain

the car and the plaintiff knew of his intention to acquire the car. It is not alleged, nor are any facts proved tending to establish that the plaintiff ratified the action of Sylvester in redeeming the car. The facts found fully justify the court's conclusion that the plaintiff abandoned the car.

Having lost his interest in the car by failing to redeem it within the time allowed, the plaintiff thereafter brought suit against Boisvert, the original vendee, upon six of the notes given on account of the purchase price of the car which were then due and unpaid. The conditional bill of sale provided that upon default in the payment of any of the instalment notes the vendor might take possession of the car with or without legal process, but that "the right of resuming possession of such property shall not prevent said Allan P. Walcott from bringing suit instead for, or otherwise collecting any of said payments as they become due." There is a distinct conflict in the authorities as to whether a vendor in a conditional sale contract, under which he retains title until the purchase price is fully paid, by bringing an action to recover the purchase price waives his right to reclaim. Some courts hold that the remedies are concurrent and may be pursued until satisfaction is obtained, others, that they are inconsistent and the election to pursue one waives the other. See cases collected in annotations in 12 A. L. R. 503; 56 A. L. R. 238. We have definitely adopted the latter rule, holding that the conditional vendor may not treat the transaction as a valid sale and an invalid one at the same time, and that by an action to recover the purchase price he elects to treat the transaction as a sale vesting the title in the vendee, and cannot thereafter reclaim upon the inconsistent theory that the title still remains in him. *Crompton* v. *Beach*, 62 Conn. 25, 25

Atl. 446. Moreover, the form of the contract here involved is such that there can be no question that the remedies given are in the alternative, the conditional vendor reserving the right to bring suit for the purchase price "instead" of reclaiming possession. The withdrawal of the action upon the notes before it went into judgment did not alter its effect as an election of remedies, since it is not the judgment which may be obtained but the commencement of a suit to enforce an inconsistent remedy which constitutes the decisive act and makes the election binding. *Frisch* v. *Wells*, 200 Mass. 429, 431, 86 N. E. 775.

The suit against Boisvert was not for the entire purchase price of the car, which was not due when the suit was brought, but was upon six of the notes which were then due and unpaid. Some courts which hold the two remedies inconsistent have held, notwithstanding, that an action to collect one or more instalment notes is not necessarily inconsistent with the position that the title to the property remained in the vendor until the last note was paid, while others hold that there is no difference in principle whether the action is brought for the total balance of the purchase price or a portion thereof. See cases in annotations in 12 A. L. R. 515; 56 A. L. R. 241. "The essential element in the election is the intention manifested to treat the transaction as a sale rather than a special contract, and the action as a suit for the agreed price rather than for a breach or breaches of the contract." *Goullious* v. *Chipman*, 255 Mass. 623, 625, 152 N. E. 55.

Under the peculiar circumstances of this case, the action of the plaintiff clearly manifested his intention to treat the transaction as a sale. His deliberate failure to exercise his right to redeem the car, followed by the suit against Boisvert upon all the notes which

were then due and unpaid, indicated an election to abandon his right to reclaim the car and to rely upon his right to recover instead upon the notes given upon the purchase price. His action upon the notes was an action to recover what was then due upon the purchase price of the car. He could not then have had an intention to sue upon the instalments due as for a breach of the contract, reserving the right to retake the car if other instalments were not paid, upon the theory that the title to the car remained in him, since he had already abandoned the car to the government, and at the time the action upon the notes was brought did not know that Sylvester had given the receipt to the government in his name, which act of Sylvester forms the technical basis for his present claim of title. As a matter of fact, the suit upon the notes was but a further manifestation of his intention to treat the transaction as a sale, which he had already shown by his failure to redeem the car. By his abandonment of the car to the government he surrendered any right to claim that the title to the car was still vested in him under the terms of the conditional bill of sale. He elected to treat the transaction as a sale vesting the title to the car in Boisvert, and cannot reclaim it upon the inconsistent theory that the title never so vested.

Upon the argument, the plaintiff made the claim that the judgment was erroneous under General Statutes, § 5953, which provides that no judgment for a return of goods replevied shall be given in favor of a defendant who has not filed a counterclaim claiming a return of the goods. We cannot consider this claim since it does not appear that it was made in the court below or in any of the assignments of error.

There is no error.

In this opinion the other judges concurred.