The K. B. Noble Company v. Peter Popielarczyk et al.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued June 9—decided July 21, 1939.

*Albert S. Bill,* for the plaintiff (appellant).

*Louis M. Schatz,* with whom was *Benjamin S. Birn-baum* and, on the brief, *Nathan A. Schatz,* for the defendants (appellees).

JENNINGS, J. This suit was brought in two counts. In the first the plaintiff sought to recover the balance claimed to be due for a "bulldozer" sold to the defendant on conditional bill of sale and in the second for parts furnished to the defendant. The defense was a denial of most of the allegations of the complaint and an affirmative plea of a breach of warranty. A

counterclaim was added for the rental of equipment claimed to have been made necessary by the failure of the bulldozer.

The plaintiff bases its appeal primarily on an effort to correct the finding. The method adopted is that frequently criticized in this court of attempting to substitute the draft-finding for the major part of the finding as made. This method does not commend itself, especially when an experienced trial judge states in his memorandum that he has read the evidence several times. *Pennsylvania-Dixie Cement Corp.* v. *Lines Co.*, 119 Conn. 603, 608, 178 Atl. 659. No correction can be made which is material to the appeal. The finding may be summarized as follows:

On February 8, 1936, the plaintiff sold and delivered to the defendants an Overhauled No. 30 Tractor and LaPlant Choate Bulldozer for $1800 on a written conditional bill of sale. Six hundred dollars was paid in cash and the balance was evidenced by six notes for $200 each, payable monthly. The first of these notes was paid but the rest were not paid. Paragraph 1 of the contract describes the bulldozer in long hand as "in good running order." Paragraph 11 of the printed portion contains the following provision: "The seller makes no representation or warranty, express or implied, as to said articles, whether as to soundness of structure, fitness for use, quality, capacity, or otherwise." The bulldozer was put to work by the defendants as soon as it was delivered and was used by them for short periods on three different jobs. It never operated satisfactorily, broke down repeatedly and the plaintiff sent service men to repair it on many occasions without success. The failure of the machine was due to no fault of the defendants but to the fact that it was worn out, lacked power and because many parts were defective.

The third and last job on which the defendants attempted to use the machine was a road job in Farmington. When they found that the bulldozer would not do the work, they hired a grader at a total rental of $556. A bulldozer and a grader can be used for the same general work. The only material difference is in the location of the blade. A bulldozer, with the blade in front, can push material over a bank. A grader, with the blade in the middle, cannot do this. The plaintiff continued its unsuccessful attempts to repair the bulldozer on the Farmington job although the notes were in default. Eventually, in July, 1936, the plaintiff repossessed the machine and spent $350 to put it into condition. This expenditure was made necessary by the defects in the equipment rather than by any use of it by the defendants. On July 29, 1936, the plaintiff transferred title to the Contractors Rental Service Company and allowed a credit on its books to the defendants of $600 and made a charge against the service company of the same amount. On that date K. B. Noble was the owner of the Contractors Rental Service Company which was used by the plaintiff to handle the renting, overhauling and sale of used equipment. The conditional bill of sale provides that if the plaintiff desires to sue for the unpaid balance after taking possession of the machine "the Seller [plaintiff] shall first sell such of said Articles as it retakes."

On these facts the trial court concluded that the written description of the machine as "in good running order" prevailed over the printed provision referred to above; that, through no fault of the defendants, the machine was not in good running order; that the parts delivered were of no value to the defendants; that there was no sale in conformity with the contract and that the plaintiff was not entitled to recover. It further concluded that the rental of the grader was

made necessary by the failure of the bulldozer and that the rental paid was a proper measure of damage.

In addition to its claims as to corrections in the finding, the plaintiff divides its assignments of error into three categories. The first, "Whether the tractor was in condition to perform the work for which it was purchased," is answered conclusively in the negative by the facts found. *Lane* v. *McLay,* 91 Conn. 185, 99 Atl. 498. Since by the terms of the contract a resale was essential to the determination of the plaintiff's damage, its second claim, that the transfer to the Contractors Rental Service Company constituted a sale, raises one of the vital issues upon the appeal. This is the only claim with relation to the plaintiff's damage which is pursued in its brief. The finding shows that the transaction in question was a transfer from the plaintiff to a subsidiary organization owned by the president of the plaintiff and formed for the purpose of handling sales of used machines. No cash passed and it amounted to no more than the making of a book entry. Under the circumstances the conclusion that this was no sale within the meaning of *Zazzaro* v. *Colonial Acceptance Corp.,* 117 Conn. 251, 257, 167 Atl. 734, was fully justified. In the *Zazzaro* case the vendor retained possession of the reclaimed car and put a value on it but there is no difference in principle between that situation and this case where the car was transferred to a wholly owned subsidiary at an arbitrary valuation.

The third question raised by the plaintiff is the measure of damages on the counterclaim. Ordinarily, the measure of damages for breach of warranty is the difference between the value of the machine at the time of delivery and its value if it answered to the warranty. *Jacobs* v. *Street,* 95 Conn. 248, 250, 110

Atl. 843. There was no allegation or proof of such damage. This method of computation is not exclusive. 17 C. J. 798, § 125. The rental of the grader on which the award of damages was based occurred while the plaintiff was still attempting to repair the bulldozer, which was the subject of the suit, and before the plaintiff repossessed it under the conditional bill of sale. The statute (General Statutes, § 4689) provides that "The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty." Although *Hansen* v. *Costello*, 125 Conn. 386, 388, 5 Atl. (2d) 880, was a tort action, the hire of a car to take the place of the one injured was held to be made necessary as a direct result of the wrong and to be a proper measure of damage. The same rule may be applied by analogy to this case. *Stevens* v. *William S. Howe Co.*, 275 Mass. 398, 402, 176 N. E. 208; 2 Williston, Sales (2d Ed.) §§ 614, 614a.

The case of *Hausken* v. *Hodson-Feenaughty Co.*, 109 Wash. 606, 187 Pac. 319, relied on by the plaintiff, hardly supports its position. The plaintiff in that case bought a tractor which proved defective and sued to recover as special damages the hire of men and horses to do his cultivating. At page 614 the court said: "In this case, since the tractor was sold by the defendant for the purposes made known to it by the plaintiff, and it was notified of the defects during the early part of the season of 1917 and attempted to remedy them, we see no reason why special damages incurred in the season of 1917 in procuring teams and men to do the plowing and cultivating desired and required of the tractor should not be allowed, because then nothing else was possible. An immediate emergency then existed, caused by the failure of the tractor

to perform as relied upon." That describes this case. There is no error.

In this opinion the other judges concurred.