The first count of plaintiff's complaint alleges, in substance: (1) that on April 16, 1937, defendant purchased a certain car from S, an auto dealer, under a conditional sale contract which provided for assignment of said contract by S at any time and without notice; (2) that said contract was in fact assigned by S to plaintiff on said April 16, 1937; (3) that by the terms of said contract defendant agreed to pay the sum of $534.78 in 18 monthly installments of $29.71; (4) that said contract further provided that if payments thereunder were not timely made, S or its assignee could repossess said car and sell it, crediting defendant with the sum realized on such sale, less cost of necessary repairs in putting said car in condition; (5) that defendant under said contract would be liable to S or its assignee for any balance thereafter remaining due; (6) that on December 1, 1937, plaintiff in fact repossessed said car and after expending money for necessary repairs sold it on July 18, 1938, for $350; (7) that on the latter date the balance due under said contract, including the sum of $90.11 for necessary repairs, was $476.23; (8) that after deducting the sale price realized after repossession ($350), the balance due was $126.23, which defendant to date has not paid although requested to do so.
The foregoing represents a detailed analysis of the first count of the complaint, which comprises five paragraphs. At the outset the court makes the observation that it would have constituted better pleading if plaintiff had incorporated in the complaint, by reference styled Exhibit "A", a copy of the contract. However, the allegations sufficiently indicate that the conditional sale contract upon which the action is predicated is substantially in standard form. By way of illustration *Page 270 
see footnote to Zazzaro vs. Colonial Acceptance Corp.,117 Conn. 251, 255.
Defendant demurs to the first count on six grounds. The grounds of the interposed demurrer, however, are resolved to three main claims: (1) that prior to instituting this action it appears that plaintiff has elected to reclaim, and has reclaimed, possession of the car, and consequently is not entitled as a matter of law to pursue the alternative remedy of bringing suit to recover on any unpaid obligation growing out of the conditional sale contract; (2) that plaintiff in law is precluded from treating the original transaction as a valid sale on the one hand and an invalid sale on the other, all at the same time; and (3) that the defendant is not responsible for any money expended by plaintiff in repairing the car after the latter repossessed the same on reclamation.
It is the general rule that in the absence of a specific clause in a conditional sale contract conferring upon the seller or his assignee the right to recover from the buyer the balance of the purchase price after repossession and resale by the former of the property in question, such right does not exist.See Anno. 37 A.L.R. 91. An examination of such cases asHine vs. Roberts, 48 Conn. 267; Loomis vs. Bragg, 50 id. 228;Crompton vs. Beach, 62 id. 25; and Connecticut Credit Corp.vs. Marasco, 5 Conn. Sup. 396, makes it apparent that the law of Connecticut in this respect is in accord with the general rule. The Hine and Loomis cases are cited in support of the rule in the annotation, supra, at page 92.
In recent years the general rule has been relaxed when it appears that the conditional sale contract expressly contains a provision permitting repossession of the subject matter of the sale by the seller or his assignee and a resale thereof with right to claim against the buyer under the conditional sale contract the amount of money representing a deficiency. See Anno.
99 A.L.R. 1288, 1290.
Research has satisfied the court that the Connecticut rule is now in line with the recent trend in relaxing the general rule, providing: (1) the conditional sale contract contains an express clause permitting repossession, resale and credit by the seller or his assignee; and (2) that after repossession the seller or his assignee does not retain possession of the subject matter ofthe conditional sale contract but in fact resells the same within a reasonable time and credits the proceeds derived from such *Page 271 
sale on the contract obligation. See Zazzaro vs. Colonial AcceptanceCorp., supra, pp. 256, 257; K. B. Noble Co. vs.Popielarczyk, 125 Conn. 699, 703.
It necessarily follows, therefore, that there is nothing objectionablede allegations in the first count of the complaint. plaintiff, pursuant to an express provision in the conditional sale contract, has previously repossessed the car following default in payments, expended money to put the car in proper condition to effect a resale, has resold the car and credits defendant with proceeds realized therefrom on the outstanding debt due under the provisions of the contract. The office of a demurrer serves the purpose of admitting facts well pleaded. Meridenvs. Rogers, 111 Conn. 115, 118; Hardy vs. Scott,
127 id. 722, 723. The court deems the facts to be well pleaded in the light of the foregoing discussion and analysis.
Defendant in argument has relied entirely upon the case ofWalcott vs. Fallon, 118 Conn. 220, as authority for sustaining the interposed demurrer. It is sufficient to say that in theWalcott case plaintiff sought to replevy the subject matter of the conditional sale contract after he had commenced, then withdrew, a former action on the notes. Manifestly, the case itself deals with the converse of the situation in the case at bar, factually speaking, and is distinguishable on this ground if not on other grounds.
 For reasons stated the interposed demurrer is overruled