## MANUFACTURER'S ADVERTISING, INC. *v.* EARL B. PANCOAST ET AL.

CIRCUIT COURT

SECOND CIRCUIT
FILE No. CV 2-678-54259

Memorandum filed December 15, 1967

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the plaintiff.

*Gaffney & Gaffney,* of New Britain, for the defendants.

WISE, J. The complaint is in two counts for money damages. The first count alleges a sale by the plaintiff to the defendants of a color television console set pursuant to a retail instalment contract executed by the parties on which the defendants defaulted in the payments; and the second count is on a promissory note, executed by the defendants to the order of the plaintiff for the purchase price of the set and payable in monthly instalments, on

which the defendants defaulted. Copies of the contract and note were filed by the plaintiff in compliance with defendants' motion for oyer. The contract sets forth the "cash sale price," the "finance charge," and the "time sale price," which is the total of the cash sale price and the finance charge.

The defendants, prior to the instant motion, filed a motion for disclosure requesting that the plaintiff answer the following interrogatories: "1. Specify in reference to each periodic payment the amount thereof which constitutes principal and the amount which constitutes interest. 2. State the rate of interest charged in accordance with the contract and how the rate is computed." In reply thereto, the plaintiff filed a disclosure that the finance charge set forth in the contract "does not represent interest, but according to Connecticut law, represents the additional price that the buyer must pay for the goods when he is given the opportunity to pay for the goods over an extended period of time." Thereafter, on November 22, 1967, the instant motion was filed by the defendants, pursuant to § 169 of the Practice Book, requesting permission to file a supplementary interrogatory asking the plaintiff to specify how it arrived at the amount of the finance charge, "i.e. the basis or method used in computing such charge." Technically, at the hearing on the instant motion on December 11, the question whether to grant permission to file the supplementary interrogatory was before the court. However, on oral objection interposed by the plaintiff to being ordered to answer the interrogatory, the matter was argued on its merits and not confined merely to a determination whether to grant permission to file the interrogatory.

Under § 168 of the Practice Book, "good cause," which must be shown and found by the court, em-

powers the court, after such a finding of good cause, to compel disclosure by the answering of interrogatories as to facts or for the production for inspection or copying of reports, papers and documents.

It was indicated in argument on the instant motion that the defense will probably be usury. The plaintiff, by its previous disclosure, is bound by its answer that the finance charge does not represent interest but represents the additional price that the defendants must pay for the set because of the extended time payments. The copy of the contract on file speaks for itself in this regard.

"When property is sold on credit at an advance over the cash price, in good faith, and with no intention to defeat the usury laws, the transaction will not be held usurious though the difference between the cash price and the credit price, if considered as interest, would amount to more than the legal rate." *Zazzaro* v. *Colonial Acceptance Corporation,* 117 Conn. 251, 254; see *Walcott* v. *Skilton,* 139 Conn. 424. It was the right of the plaintiff to put its price upon the television set "for sale on credit, and if done in good faith, it was a matter between the parties themselves and a legitimate subject of contract." *Bridgeport L. A. W. Corporation* v. *Levy,* 110 Conn. 255, 259. The determination of the factual situation will be for the trier on a hearing on the merits of the case.

A court should not order answers filed to interrogatories for the purpose of enabling a party to ferret out evidence. Interrogatories should not be used to enable a person to ascertain whether he has a cause of action or defense, nor to permit a party to go on a "fishing expedition." *Pottetti* v. *Clifford,* 146 Conn. 252, 258, 259; *Prizio* v. *Penachio,* 19 Conn. Sup. 381, 384.

The court finds that good cause has not been shown by the defendants, and therefore the plaintiff is not required to answer the supplementary interrogatory.