GENERAL ELECTRIC CREDIT CORPORATION *v.* CHARLES McMANUS ET AL.

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 102808

Memorandum filed August 5, 1977

*Sid M. Miller* and *Brian Poirier,* for the plaintiff.

No appearance for the defendants.

FITZGERALD, J.    The plaintiff corporation is the assignee of a promissory note signed by the defendants for home improvements to premises located at 12 South Third Street in Meriden, Connecticut. The retail instalment contract and the promissory note were both dated June 20, 1975, with the first payment due on the note in August of 1975. The contract price for the improvements was in the sum of $2834 and the finance charge thereon was $1586.08, for a total due on the note of $4420.08, to be repaid in eighty-four monthly instalments over a period of seven years at a

monthly payment of $52.62. According to the plaintiff's complaint, the defendants made no payments on the note. The plaintiff's action was returnable on the third Tuesday of February, 1976, and the defendants, having been served, failed to appear and were defaulted. The plaintiff now comes before the court seeking a judgment in accordance with Practice Book § 876A.

The plaintiff's affidavit of debt claims the whole of the obligation, not only the contract price plus interest to date but also the interest due through the end of the contract some five years hence. It is the court's opinion that to permit the plaintiff to recover this unearned and yet-to-be-due interest would be unconscionable and would be a windfall to the creditor. A review of the applicable statutes relating to retail instalment sales, truth-in-lending, and sales finance companies seemingly indicates that the legislature does not agree with the plaintiff's position. The relevant statutes all require a separation and line of demarcation between the contract price for the goods and the finance or interest charge or the time price differential.

In chapter 657 of the General Statutes, the Truth-In-Lending Act, § 36-395 relating to the drafting of regulations by the banking commissioner indicates that the purpose of the legislative grant to prescribe substantive and procedural regulations is "to assure a meaningful disclosure of credit terms so that a prospective debtor will be able to compare more readily the various credit terms available to him and to avoid the uninformed use of credit." Sections 36-405 (a) (9) and 36-406 (a) (7) of the act both require that disclosures to purchasers prior to or at the time of sale state "the default, delinquency or similar charges payable in the event of late payments." The court would interpret those two statutory sections to require the seller to disclose to the

buyer the net results of a default and the consequences attendant thereto, and that the buyer, in the event of a default, is liable not only for the unpaid principal balance but also for the total amount of the finance charge or interest, not only to the date of judgment but over the entire term of the contract even though the default occurs shortly after the contract is entered into by the parties. The exact same phrase is set forth in chapter 733 of the General Statutes pertaining to retail instalment sales financing. § 42-87 (7).

Section 42-96 of the General Statutes, in the Retail Instalment Sales Financing Act, provides for a refund of a proportionate part of the finance charge when a contract is paid in full before maturity.

It is the opinion and conclusion of this court that § 42-91 of the General Statutes pertaining to delinquency and collection charges is decisive of the issue in this case since it spells out in detail the charges or expenses for delinquency and collection that the holder of the contract may receive or collect from the debtor. Nowhere in that section is there a provision permitting or allowing the holder of the contract to extract from the debtor the unearned interest or finance charge that had been made a part of the contract.

The plaintiff's brief claims that the following two cases are supportive of its position: *Zazzaro* v. *Colonial Acceptance Corporation*, 117 Conn. 251, and *Manufacturer's Advertising, Inc.* v. *Pancoast*, 4 Conn. Cir. Ct. 668. Both cases basically state that the usury statutes relating to the rate of interest are not applicable to a retail instalment loan or contract. In fairness to the plaintiff's attorneys' research, it must be noted that the former case has dicta (p. 254) in favor of the plaintiff's interpreta-

tion of an instalment sale as follows: "The transaction was the very common one in which a credit corporation 'finances' the purchase of an automobile by advancing a part of the purchase price to the dealer, taking an assignment of the conditional sales contract executed by the conditional vendee. The credit company assumes the risk of the collection of the instalment payments, and its so-called 'finance charge' is generally held to represent the increased charge made to the conditional vendee because the sale is of that character."

It would seem to the court, however, that the statutes referred to in this decision are controlling and, in accordance with modern day, consumer-oriented legislation, that they are protective of the buyer.

Judgment may enter for the plaintiff against the defendants in the sum of the unpaid principal balance together with interest to the date of this judgment, plus any delinquency charges, plus an attorney's fee of fifteen percent on the aforesaid balance in conformity with General Statutes § 42-91. The plaintiff is to file another affidavit of debt in accordance with this decision.