ANTHONY A. VIGORITO *v.* EDWARD ALLARD

INGLIS, C. J., O'SULLIVAN, WYNNE, DALY and MELLITZ, JS.

Argued November 2—decided December 13, 1955

*Albert A. Garofalo,* for the appellant (plaintiff).

*Norwick R. G. Goodspeed,* for the appellee (defendant).

WYNNE, J. In this action the plaintiff sought to recover a balance of $500 alleged to be due from the defendant on a contract for the sale of certain aluminum storm windows and doors. In his complaint the plaintiff alleged that on or about May 18, 1954, the defendant ordered twenty-one aluminum storm windows and three aluminum storm doors from him and agreed to pay $700. The defendant entered a denial of this allegation, and it follows that it was this issue

that came on for trial on the complaint. The defendant also filed a counterclaim and in it alleged that the plaintiff had agreed that the crosspieces on the storm windows the defendant ordered would match the crosspieces on his windows. The plaintiff denied this allegation, and the parties were at issue on the counterclaim. At the conclusion of the trial, the court remarked that it was up to the plaintiff to prove that the crosspieces on the aluminum windows did not have to match the crosspieces on the defendant's windows. On the basis of this remark, the plaintiff argues that the court indicated a confusion as to where the burden of proof lay, and that this confusion resulted in an infirmity in its ultimate finding that the plaintiff failed in his proof. This by no means follows. The plaintiff clearly had the burden of proving his case on the complaint. His burden was in no way altered or shifted because the defendant had filed a counterclaim and came into court relying thereon. It was the plaintiff's burden to prove his own case by a preponderance of the evidence. *Sortito* v. *Prudential Ins. Co.,* 108 Conn. 163, 171, 142 A. 808. Where the exact terms of a contract sued upon are put in issue by a denial, the burden is upon the plaintiff to prove what those terms are. *Lane* v. *McLay,* 91 Conn. 185, 188, 99 A. 498.

The defendant, by filing his counterclaim, had not incorporated into the case new matter in the sense that existed in the case of *Murray* v. *Supreme Lodge,* 74 Conn. 715, 719, 52 A. 722. There the defendant had affirmatively alleged fraud in the misstatement by the insured of her age, and we said that the burden of proving that allegation was properly on the defendant. That is not the situation here. It was incumbent upon the plaintiff by a fair prepon-

derance of the evidence to establish the contract upon which he relied and which he had set up in his complaint. On the whole evidence, the court found that he had failed in his burden. Indeed, the court went further and found affirmatively that the terms of the contract were that the crosspieces on the storm windows should match those on the house windows. This finding is not attacked. It was the burden of the plaintiff to establish what his contract was. The court found on the whole evidence that he had failed. We cannot find that this conclusion was not sound. It is unnecessary to discuss the rest of the plaintiff's claims. They bear only on the contention that the court was confused as to which party had the burden of proof, as indicated by its remark at the conclusion of the trial. The situation remains unaltered that it is logical to find, as we do, that the court in its judgment held that the plaintiff on the whole case had failed in his own burden.

There is no error.

In this opinion the other judges concurred.