The plaintiffs, as insurers of the town of Somers, paid their insured the sum of $2270 for property damages resulting from a furnace explosion in the Somers public library. The plaintiffs instituted this action against the defendant, which serviced the furnace oil burner, in two counts, one alleging negligence and the other alleging breach of contract. The trial court found for the plaintiffs on both counts and awarded judgment in the amount of $2270. The defendant has appealed from the judgment.
The trial court could readily have found the following facts: For approximately fifteen years the defendant had serviced the Somers town library furnace under an oral oil burner service contract: The contract called for the sale and delivery of fuel oil, an annual inspection and the performance of repairs. The furnace room is nine feet by nine feet with only one window. The defendant's president had previously advised the librarian, the first selectman and the library janitor to keep the window open to allow air for proper combustion in the furnace. The window was obstructed by miscellaneous furnishings including storm windows *Page 627 
propped against it. The fire marshal had ordered those items to be removed in the summer of 1978, but they remained in place until the date of the explosion. The defendant's president made two service calls on February 12 and February 15, 1979, in response to calls stating that the furnace was not working. He replaced a delayed oil valve accelerator on February 15 which was still functioning on February 16. He was never advised of any funny noises emanating from the furnace and did not detect any evidence denoting a lack of ventilation. The defendant's president did nothing to remove the visible obstructions to the air flow on these two visits.
An explosion or puffback occurred in the furnace and was discovered about 7 a.m. on February 16, 1979. The janitor reported it upon his arrival and the defendant's president arrived shortly after being informed. The town building inspector, the first selectman and the fire marshal also came to the scene. The explosion blew the furnace room door off its hinges, caused the window in the furnace room to be smashed, and deposited soot throughout the library. The oil burner was functioning and there was no evidence of mechanical failure. The fire marshal attributed the cause of the explosion to a lack of free flow of air in the furnace room to facilitate clean and complete combustion of fuel oil. The plaintiffs paid the town its claim in the amount of $2270.
The trial court found for the plaintiffs for $2270 on both counts, indicating that the defendant was negligent and had breached its contract by failing to take steps to provide proper ventilation to permit clean and complete combustion in the furnace.
The defendant claims the court erred: (1) in finding that the defendant was negligent in failing to take steps to provide proper ventilation to permit clean and complete combustion in the furnace; (2) in finding that a lack of ventilation was the cause in fact of the explosion; *Page 628 
(3) in finding that the defendant's failure to do certain acts was the proximate cause of the damages suffered; (4) in finding that it was a breach of the defendant's service contract with the plaintiffs' insured in failing to take steps to provide proper ventilation for the furnace; and(S) in awarding damages in the full amount of the claim, $2270.
The first issue is whether the trial court was justified in finding the defendant negligent in failing to take steps to provide proper ventilation to permit clean and complete combustion in the furnace.
Negligence is a breach of duty. Prokolkin v. General Motors Corporation, 170 Conn. 289, 301,365 A.2d 1180 (1976). Thus, where there is no legal duty, there can be no actionable negligence. The duty to use care may arise from a contractual relationship between the parties. Johnson v. Flammia, 169 Conn. 491, 496, 363 A.2d 1048 (1975); Urban v. Hartford Gas Co., 139 Conn. 301, 304,93 A.2d 292 (1952). In such cases, however, the duty relates to the performance of the contract. See Scribner v. O'Brien, Inc. 169 Conn. 389, 401,363 A.2d 160 (1975). In the present case, the contract required the defendant to supply fuel oil, to make repairs to the oil burner and to conduct an annual inspection. There was no finding that the defendant failed to use care in the performance of those duties. Rather, the court found that the cause of the explosion was a lack of ventilation in the furnace room due to obstructions blocking the only window or because the window was not kept open at all times. Any duty to keep open the window or to remove obstructions therefrom, however, would be within the insured's duty and not that of the defendant.
The conclusion of the court that the defendant was negligent as stated was a conclusion of an ultimate fact, based upon the subordinate facts found. As such, it can be attacked by inquiring whether it was illegally or illogically drawn from the subordinate facts. Based upon *Page 629 
the facts found, the court could not logically conclude that the defendant was negligent. Del Gaudio v. Ingerson, 142 Conn. 564, 567-68,115 A.2d 665 (1955).
Another issue involves the conclusion that the defendant breached its oil burner service contract in that it failed to take steps to provide proper ventilation for the furnace. The record indicates that the contract between the defendant and the town of Somers was oral and provided that the defendant deliver fuel oil, make repairs to the equipment and conduct an annual cleaning and inspection. "Where the exact terms of a contract sued upon are put in issue by a denial, the burden is upon the plaintiff to prove what those terms are." Vigorito v. Allard, 143 Conn. 70, 71,118 A.2d 906 (1955). The plaintiffs have failed to sustain their burden of proof on the second count.
Since our rulings on these issues are dispositive of this appeal, the remaining issues need not be considered.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.
In this opinion BIELUCH and COVELLO, Js., concurred.