[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commenced this lawsuit against the defendant corporation alleging an oral contract for work performed by the plaintiff at the request of the defendant. A second count alleges unjust enrichment.
The first count involves the fundamental question whether or not the parties ever made an agreement for the plaintiff to perform work for the defendant.
The following facts are found by the trial referee:
The plaintiff is engaged in the business of providing engineering and surveying services. The plaintiff came in contact with the defendant when the plaintiff was performing work on abutting known as Business Industrial Park, Route 117, Groton, Connecticut.
On or about November 27, 1985, the defendant wrote a letter to the plaintiff asking for a quote from the plaintiff to perform certain work on the defendant's property. Specifically, the defendant requested ". . . . .please let me know the cost of including aerial contour surveys of our land located at 952 North Road and 973 North Road. . ." The plaintiff did not respond to said letter and did not give a quote orally or in writing to the defendant. Approximately fifteen months later in February of 1987, the plaintiff commenced work on the defendant's property for the purpose of taking aerial photographs to prepare contour lines of the defendant's property. The plaintiff arranged to have aerial photographs taken of the defendant's property along with seventeen other properties. The plaintiff claims that in late winter of 1987, the defendant authorized him to proceed with the work. The plaintiff did not, at this time, give any quote to the defendant. The plaintiff testified "I know I didn't dream this job up. " However, he cannot recall the circumstances or specifics of this conversation with the defendant as to the date, time, place and who was present. The defendant denies every having such a conversation or ever authorizing the work. The defendant testified that he did not discuss the job with the plaintiff and first learned that the plaintiff did the work when he received a bill from the plaintiff, some fifteen (15) months after he requested a quote for the work.
The burden of proof is on the plaintiff. The plaintiff must prove his allegations by a preponderance of the evidence. Vigorito v. Allard, 143 Conn. 70, 71 (1955). In a civil case, CT Page 697 a party would satisfy this burden if the evidence he presented, considered fairly and impartially, would induce in the mind of the Court a reasonable belief that it is more probable than otherwise that a fact is true. Busker v. United Illuminating Co., 156 Conn. 456, 458 (1968). In this case, the plaintiff had to show a reasonable belief that it was more probable than not that a contract existed between the parties. The plaintiff has not done so. The plaintiff testified that he would not have done the work unless authorized to do it and didn't just "dream it up" but he cannot remember any specifics of the conversation with the defendant. Given the length of time between the initial request for a quote by the defendant (November of 1985) and when the work was performed (February of 1987) and the lack of any quote by the plaintiff to the defendant after the defendant specifically requested one, it is not reasonable to conclude that the defendant authorized the plaintiff to do the work and, thus, made a contract with the plaintiff. Neither is it reasonable to conclude that the defendant consented to the plaintiff's work because the plaintiff's employees parked on the defendant's property. There was testimony that the plaintiff was performing other work in the area on abutting lands and had asked the defendant's permission to park on the defendant's land.
Whether a contract exists is a question of fact for the court to determine from all of the evidence before it. Randolph Construction v. Kings East Corporation, 165 Conn. 269,277 (1973).
Based on the above-stated facts, this court should not conclude that a contract, in fact, existed between the plaintiff and the defendant.
The second count of the complaint alleges the theory of unjust enrichment. The plaintiff correctly points out, in his brief on page 6, that it cannot recover under the theory of unjust enrichment. There are three essential elements that must be established in order for the plaintiff to claim unjust enrichment. These elements are: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; (3) the acceptance or retention, by the defendant, of the benefit under circumstances as to make it inequitable for the defendant to retain the benefit without paying its value. See CBS Surgical Group, Inc. v. Holt, 37 Conn. Sup. 555, 557 (1981). This court should find that none of these elements are present in this case. No benefit has been conferred upon the defendant by the plaintiff; the plaintiff did not know that the defendant was performing the benefit and the defendant has not retained any benefit that the plaintiff performed. CT Page 698
WHEREFORE, this court should enter judgment in favor of the defendant on both counts.
RESPECTFULLY SUBMITTED, THOMAS J. LONDREGAN, ESQ. STATE ATTORNEY TRIAL REFEREE