[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Introduction
The plaintiffs have filed this case seeking a return or their security deposit paid to the attendant landlord both at the inception and during the tenancy. The plaintiffs vacated the premises on March 30, 1991. The claim was first brought in September 1990 under the small claims rules and upon motion, transferred to the regular docket in January 1991. The complaint was then amended on two occasions resulting in claims under General Statutes 47a-21(d) (security deposit act), General Statutes 42-110(g) (unfair trade practices), and General Statutes 52-564 (theft). The defendant responded with a general denial, special defenses and his own counterclaim for alleged damages to the premises.
 II.
Discussion
 A.
Chapter 831 is that section of Title 47a of the General Statutes that concerns advance rental payments and security deposits. The plaintiffs initially filed this action under Section 47a-21(d)(2) which requires landlords to return the security deposit with statutory interest or return that portion with interest after deducting damages and providing a statement itemizing the damages. The evidence in this case is that the CT Page 9954 security deposit was not returned although Mr. Pass, the landlord, did forward a letter indicating the damages. (Exhibit N). Each item of the letter will be discussed separately.
The defendant first deducts $500 for "legal fees to Attorny (sic) Allaire." The testimony in this case by both sides is that the parties entered into an oral agreement there wee no written lease. "The rule in Connecticut is that absent contractual or statutory authority, each party must pay its own attorney's fees." Gino's Pizza of East Hartford, Inc. v. Kaplan, 193 Conn. 135, 140 (1984). As there was no evidence of any agreement to pay attorney's fees and as the landlord tenant statutes do not authorize the payment of attorney's fees (with some exception not applicable herein), Mr. Pass's first claim cannot be allowed.
The second claim was for "lost time from work to pursue eviction $300.00" (sic). Mr. Pass introduced absolutely no testimony on this subject. This deduction is also disallowed.
The third claim concerned damages to lawn $250.00." Mr. Pass testified that a portion of his lawn at the intersection of the driveway and the street was damaged by a mattress and a television stand that was left for city rubbish removed by the plaintiffs upon vacations. Apparently the mattress was not promptly removed and caused damage to an area or the lawn. Neither plaintiff had any knowledge of whether the mattress and stand were removed believing the City of Bristol had retrieved them in due course.
It is clear that Mr. Pass has the burden of persuasion; that is, he must prove his case by a preponderance of the evidence that his lawn, suffered such damage. See, Vigorito v. Allard, 143 Conn. 70, 71 (1955). This he did not do. He indicated only that it was not a simple job to repair the lawn. Without any evidence as to repair costs, this court will only award a nominal sum of $25.00.
The fourth claim is "removal of debris $50.00." Like claim two, no evidence was offered in support of this reason.
The fifth claim is "damge (sic) to ceiling in living room $100.00." The court did hear evidence that a screw was installed to hang a bird cage. The hook was left in the ceiling when the plaintiffs vacated. While Mr. Pass testified that it was repaired, like the lawn damage, he offered no testimony as to the cost. Accordingly, a nominal amount of $15.00 will be allowed for the patch of the screw hole. CT Page 9955
The final claim was for "extra time in apartment (unless you were breaking in) unknown amount." Both plaintiffs testified that they moved on March 30, 1989 and returned on March 31, 1989 to clean the apartment. (See also, Exhibit g). The defendant produced no evidence to the contrary and accordingly failed to prove that the plaintiffs owed additional monies.
A review of the above six claims indicates that the defendant improperly withheld the plaintiffs' security deposit. The letter, while meeting the thirty day requirement was nothing more than a sham. A landlord cannot defeat the intention of General Statutes 47a-21(d) by retaining the security deposit in full and justifying said retention with wholly spurious reasons. Additionally, Mr. Pass testified that he did not place the security deposit in escrow as required by General Statutes 47a-21(h) or pay interest as required by General Statutes 47a-21(i). The plaintiffs have indeed proved that their landlord violated the security deposit act.
The evidence indicates that the total security deposit held by the defendant was $550.00. (Exhibits A, H, I). This is less than that demanded by plaintiffs but this court finds no evidence to support a claim that more money had been paid. Exhibit A reflects the initial payment of April's rent of $450.00 and a security deposit of $450.00. Exhibits B-F do include security deposit payments. For the purposes of plaintiffs' claim, $550.00 less damages of $40.00 or $510.00 constitutes the security deposit withheld. Pursuant to General Statutes 47a-21(d)(2), the plaintiffs are awarded twice that figure or $1,020.00. Moreover, the plaintiffs are entitled to interest which is divided into two parts. The first is that under General Statutes 47a-21(1) which totals $4.37 as the evidence indicates rental payments were late after May 1989, thus obviating the need for any interest payment other than that in the original two rental payments. The second is the interest pursuant to General Statutes 37-3a on the total of $1024.37 from May 1, 1990 to, date.
Count Two alleges that the aforementioned violations constitute a deceptive act or practice which therefore violates General Statutes 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA). Private litigants may, of course, pursue private causes of action to recover damages for ascertainable losses for violation of our landlord tenant statutes. Conway v. Prestia, 191 Conn. 484, 491 (1983). This is particularly true where the violation is that of charter 831. See, for example, Ogums v. McDermott, No. 8802-272b, JD Hartrora-New Britain, December 20, 1989, Susco, J. (H-914); Bladen v. Gelinas, No. 8806-2861, JD Hartford-New Britain, CT Page 9956 October 13, 1989, Doyle, J. (H-906); Bissonette v. American Heritage Agency, No. 8403-1334, J.D. Hartford-New Britain February 7, 1985, Aronson, J. (H-602). The defendants admission that he neither placed the security deposit in escrow nor paid interest, together with his refusal to return the security deposit constitutes a practice which clearly offenses public policy as has been established by statute. Conway v. Prestia, supra. This court has already awarded damages under general Statutes 47a-21. CUTPA, however, authorizes an award of punitive damages. General Statutes 42-110g(a). Accordingly, this court awards the plaintiffs the sum of $250.00 as punitive damages for the defendant's conduct. The statute also provides for attorney's fees in Sections 42-110g(d). Inasmuch as this issue is addressed below, under General Statutes 52-251a, this court will decline to award fees under this section.
Count Three is a request for treble damages pursuant to General Statutes 52-564 which states that "any person who steals any property of another, or knowingly received and conceals stolen property, shall pay the owner treble his damages."
The plaintiffs claim that by withholding the security deposit the defendant has stolen their property. "The word `steals' as used in General Statutes 52-564 is synonymous with the definition of larceny under General Statutes 53a-119." Lauder v. Peck, 11 Conn. App. 161, 165 (1987). That definition states, in part, that "a person commits larceny when, with intent to deprive another of property . . . he wrongfully . . . withholds such property from an owner." The plaintiff is required to prove this claim by clear and — convincing proof rather than by a preponderance of the evidence. Schaffer v. Lindy, Conn. App. 96, 104 (1986).
It may well be that the defendant's conduct was such that it falls within the parameters of the statute. Nevertheless, this court declines to award such damages. The award of treble damages is an extraordinary statutory remedy. Schaffer v. Lindy, supra, 104. In this case the tenants are already receiving the statutory double damages.[1] To triple that amount or, in the alternative to triple the $510.00 and add to the $1020 would be improper. This court does not believe it was the legislature's intent to create such a scenario.[2] To allow recovery under the theft statute, enacted in 1949, would be asking this court to ignore the provisions of the security deposit act legislation enacted to address this specific problem in 1976. This the court will not do. Since it must be assumed that the legislature had a specific purpose in adopting the security deposit act, State v. Springer, CT Page 9957149 Conn. 244,248 (1962) and that "specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling", Oles v. Furlong, 134 Conn. 334, 342 (1948) citing Kepner v. United States, 195 U.S. 100, 125 (1903), treble damages under General Statutes 52-564 will not be allowed.
Plaintiffs have finally requested attorney's fees pursuant to General Statutes 52-251a, which states "[w]henever the plaintiff prevails in a small claims matter which was transferred to the regular docket in the superior court on the motion of the defendant, the court may allow to the plaintiff his costs, together with reasonable attorney's fees to be taxed by the court." This case, as originally framed, could clearly have been litigated in the small claims forum in a more expeditious manner and at less expense for both parties. There was simply no reason to transfer this case, as indeed, there is no reason to transfer so many other cases from the small claims docket to the regular docket.
The plaintiffs' counsel has submitted a statement indicating his fees were $3510.00. After deducting time for initial work that was spent prior to the motion to transfer, the court believes that reasonable attorney's fees of $2000.00 should be awarded.
 III.
Conclusion
Judgment to enter for plaintiffs in the sum of $1274.37 plus attorney's fees of $2000 and costs of this action.
BERGER, J.