[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#169)
The plaintiff Barbara Haviland has brought this action against four defendants, including Metro-North and Amtrak. The plaintiff alleges that the defendants' negligence caused her to slip and fall on a stairway at the New Haven Train Station. It is alleged that the plaintiff fell as she was exiting the stairs from the platform serving track 7 and 9.
Summary judgment is to be rendered if the pleadings, affidavits and other proof show no genuine issue of fact and the movant is entitled to judgment as a matter of law. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402 (1987).
On or about March 26, 1982, the State of Connecticut, City of New Haven, and the New Haven Parking Authority entered into a lease and funding agreement for the New Haven Train Station. See, Defendants' Exhibit A. Metro North is the successor to Conrail in passenger train service at the New Haven Train Station. Affidavit of John J. McGovern para. 8. The aforementioned agreement states that Conrail or its successor is responsible "for the maintenance, operation . . . and repair . . . for all rail platform elements above the passageway ceiling, except for vertical circulation systems between the passageway and the rail platforms . . ." Exh. A Article 2.1 (emphasis added). The term "vertical circulation systems" refers to the stairway from the platforms to a tunnel leading into the train station. McGovern Affidavit para. 11-12. Moreover, the stairway upon which the plaintiff fell was not in the possession or control of Metro-North. McGovern Affidavit para. 13.
In response to the defendant Metro-North's argument that it had no duty to care for the aforementioned stairways, the plaintiff contends that the accident was caused by a leaking pipe on the roof above the platform which caused water to drop onto the stairs. Since the defendant Metro-North was CT Page 1058 responsible for the area where the pipes were located, the plaintiff contends that Metro-North is liable in negligence. However, the leaking pipe was located above a stairway leading from tracks 4 and 6. See, Affidavit of John Franze para. 6. There is a separate stairway leading to tracks 7 and 9 and the pipes above tracks 7 and 9 have had no reported problems. See, Franze affidavit para. 5 and 7. Thus, the leaking pipes referred to by the plaintiff do not pertain to this case. The plaintiff has offered no factual documentation in opposition to the foregoing. Since the pipes which the defendants had a duty to maintain did not cause the accident and the defendants were not responsible for the maintenance of the stairs on which plaintiff fell, the defendant Metro-North owed no duty to the plaintiff. Where there is no duty, there can be no actionable negligence. Abington Mutual Fire Ins. Co. v. Somers Oil Co.,38 Conn. Sup. 625, 628 (1983). Therefore, as to defendant Metro-North, the motion for summary judgment is granted.
As to defendant Amtrak, it is true that a common carrier always has a duty to provide passengers with a reasonable safe place to alight. Josephson v. Meyers, 180 Conn. 302, 305-06
(1980). However, this high standard of care to which the defendant is held does not make it the insurer of the plaintiff's safety. Bogan v. New Haven, 38 Conn. Sup. 477, 479
(1982). Amtrak does not lease or have possession or control of the stairway upon which the plaintiff fell. See, Affidavit of C.F. Kleykamp para. 8 and Kleykamp supplement Affidavit para. 3. Amtrak does not lease the stairway upon which plaintiff fell and it is not responsible for the stairway's maintenance, inspection or repair. See, Affidavit of Kleykamp para. 6 and 8. Under such circumstances, Amtrak should not be held liable for the plaintiff's fall.
Therefore, summary judgment is granted as to Amtrak.
BURNS, J.