[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application for appointment of a temporary receiver. The plaintiff claims that he and the defendant entered into a joint venture in a business involved in the recycling of antifreeze. "A joint venture is a special combination of two or more persons who combine their property, money, effects, skill, and knowledge to seek a profit jointly in a single business enterprise without any actual partnership or corporate designation. Lesser v. Smith, 115 Conn. 86, 89, 160 A. 302 (1932);Dolan v. Dolan, 107 Conn. 342, 349, 140 A. 745 (1928). The relationship between contracting parties cannot amount to a joint venture unless the parties so intend." Electronic Associates, Inc.v. Automatic Equipment Development Corp., 185 Conn. 31, 35,440 A.2d 249 (1981). The evidence here, at best, is in equipoise.
The only witnesses at trial were the plaintiff and the defendant. There was no written agreement or any memorialization of the parties' understanding. The parties heretofore had been best friends. The defendant had been the plaintiff's accountant. The plaintiff owned his own car wash business and described himself as an entrepreneur. While it may appear unusual that the plaintiff would make a no interest, unsecured $65,000 loan even to his best friend, after considering all of the evidence and the credibility of the parties, the court so finds.
"It was incumbent upon the plaintiff by a fair preponderance of the evidence to establish the contract upon which he relied and which he had set up in his complaint. On the whole evidence, the court [finds] that he ha[s] failed in his burden." Vigorito v.Allard, 143 Conn. 70, 71-72, 118 A.2d 906 (1955). CT Page 12656
The application for appointment of a temporary receiver is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court