[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Amended Complaint in this matter alleges that the Plaintiff, Treasure Lake property Owners Association, Inc., is a Pennsylvania non-profit corporation which, "by declaration made by Treasure Lake, Inc., duly recorded," was formed to promote the community welfare of property owners within the Treasure Lake subdivision in Pennsylvania. The complaint further alleges that the property owners take title to land in the subdivision subject to the Declaration of Restrictions, Treasure Lake, Inc. and are required to be members of the Association and abide by the Association's bylaws, restrictions and regulations. The Association alleges it is empowered to assess yearly dues and assessments for each lot in the subdivision and that an owner, by taking title, agrees to pay the annual dues and assessments. The complaint further alleges that the Defendant, Steven Turgeon, is the record owner of various lots in the subdivision and that from 1989 through 1998 he failed to pay the yearly association dues on each lot. The total amount claimed in assessments is $1794 per lot plus interest of $365.59 per lot for a total of $39,468 plus interest of $8,030.
By way of Answer and Special Defenses, the Defendant denies, or claims insufficient knowledge and leaves the Plaintiff to its proof, all the allegations of the complaint except that the Defendant is owner of various lots within the Treasure Lake subdivision.
Trial was held on May 18, 2001. At that time Matthew Begley, General Manager of the Treasure Lake Association, testified on behalf of the Plaintiff and the Defendant Steven Turgeon testified on his own behalf Posttrial briefs were filed on June 8th. On June 19th the Defendant CT Page 15499 moved to file a supplemental brief which the court allowed. At a further hearing before the court on September 5th the parties stipulated that the Connecticut six year statute of limitations, Conn. Gen. Stat. §52-576, rather than Pennsylvania's twenty-one year statute of limitations, applied to this case.
In light of the parties' stipulation as to the applicable statute of limitations, judgment for the Defendant shall enter as to the Plaintiff's claims for assessments due May 1, 1992 and earlier. This reduces the Plaintiff's claims for assessments by $564 (the amount of the assessments for 1989 to 1992) for each lot, from a total of $1764 to a total of $1200 for each lot.
As to the remainder of the Plaintiff's claims, based upon the evidence presented, the court finds the following facts. The Treasure Lake subdivision is a 9000 acre resort in Pennsylvania. The Association operates two golf courses and four restaurants as well as a pool, beaches, camp grounds, ski hill, tennis court and a marina. It has an operating budget of $5.8 million. There are 7200 building lots in the resort. About 3300 of those lots are developed while the remainder are not. In 1987 the Defendant purchased 21 of the lots at an auction. Prior to buying the lots the Defendant was not approved by the Association. The Association has assessed each of his lots $1,794 between 1988 and 1997. The annual assessment on each lot has increased from $138 to $488 since the date of the Defendant's purchase mainly because of the Association's purchase of the amenities noted above, which, at the time of the Defendant's purchases were owned by the developer. Since the date of his purchases, the Defendant has not taken possession of the lots nor used any of the Treasure Lake facilities. The Defendant has been unsuccessful in selling the lots or even giving them away because of the assessments outstanding on the lots as well as the existence of unpaid taxes and utility charges. The Defendant believes most of his lots have no value.
The Plaintiff claims that the authority for the assessments is the Declaration of Restrictions referenced in each of the Defendant's deeds. Each of the 21 deeds to the Defendant states that the conveyance of the land is subject to "[t]he Declaration of Restrictions, Treasure Lake, Inc. recorded in Misc. Book Vol. 146, p. 476; all of said restrictions being covenants which run with the land." (Exhibits A-1 to A-21). It is this Declaration which is cited as support for the Plaintiff's claim that the Defendant is personally liable for the assessments.
At trial, the Plaintiff introduced into evidence a document entitled "Declaration of Restrictions". (Exhibit B). The Defendant objected to the admission of this document on the grounds that it was not certified as recorded on the land records. The court admitted the document because the CT Page 15500 plaintiff's witness, Matthew Begley, General Manager of the Treasure Lake Association, testified that this was the document under which the Association operated but the court did reserve to the Defendant the right to argue that the document was not what was referenced in his deeds.[1]
In his posttrial brief, the Defendant argues that the Plaintiff's failure to authenticate the Declaration or to present testimony that it is identical to that on the land records, results in a failure of the Plaintiff to meet its burden of proof. The Defendant claims that the Plaintiff must show that the Defendant had constructive knowledge or notice of the Declaration of Restrictions by establishing that the Declaration appears in the Defendant's chain of title.
"The phrase `burden of proof' has been defined as `the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause.' (Emphasis added.) Black's Law Dictionary (4th Ed. 1968); see also J. Berman, Connecticut Evidence (1953) p. 64 (defining burden of proof as "burden which rests upon every party to a cause' of going forward with the evidence if it is in dispute)." Thalheim v. Town of Greenwich, 256 Conn. 628, 651 (2001). "The general burden of proof in civil actions is on the plaintiff, who must prove all the essential allegations of the complaint." Gulycz v. Stop Shop Cos., 29 Conn. App. 519, 523 (1992). A plaintiff is entitled to every favorable inference that may be legitimately drawn from the evidence; and a party has the same right to submit a weak case as a strong one but the plaintiff must still sustain the burden of proof on the contested issues in the complaint and the defendant need not present any evidence to contradict it. Lukas v. New Haven, 184 Conn. 205, 211
(1981).
The Plaintiff claims in its brief that this suit is brought under the "theory of breach of contract implied in fact". The Plaintiff claims that the Declaration grants the Plaintiff Association the power to enact the assessments. The Plaintiff argues that Turgeon, by purchasing the lots in the subdivision, personally agreed to pay the assessments as described in the Declaration. The Plaintiff claims that by failing to pay the annual assessments the Defendant violated the Declaration.
Where the terms of the contract as alleged in the complaint are put in issue by the Defendant's denial, the burden is on the Plaintiff to prove what the terms were. Vigorito v. Allard, 143 Conn. 70, 71 (1955).
The court agrees that the Plaintiff has failed to meet its burden of proof There was no evidence that the Declaration admitted into evidence was the same as the Declaration referenced in the deeds to the Defendant. The document offered as evidence of the terms of the CT Page 15501 Declaration of Restrictions was neither signed by the Declarant nor affixed with its corporate seal, as its concluding paragraph states. Nor did Begley testify that it was identical in substance to that referred to in the Defendant's deeds. Nor was any claim made that he had compared the exhibit to the Declaration on record or that he was familiar in any way with what was on record. Lastly, there is no indication on the face of the document itself, by way of official seal or otherwise, that it is the same Declaration filed in "Misc. Book Vol. 146, p. 476" of the Recorder of Deeds Office of Clearfield County, Pennsylvania.[2] Thus the court accords the Declaration admitted as Exhibit B no weight in establishing the terms under which the Defendant took title to the Treasure Lake lots and to which he allegedly agreed to be bound.
All the elements of the Plaintiff's claims rest on the terms of the Declaration applicable to the lots owned by the Defendant. The Plaintiff cites them as the source of the power of the Association to enact a uniform schedule of annual charges as well as evidence of the agreement of the lot owners, including the Defendant, to be personally bound by the same including the payment of the charges, and that the covenants run with the land.
None of the cases cited by the Plaintiff in its brief are of assistance to it regarding this issue because in none of the cases where the issue was whether certain Restrictions ran with the land was there any dispute as to the terms of those restrictions.
At trial and in its posttrial brief the Defendant raised the issue of the failure of the Plaintiff to offer a properly authenticated copy of the Declaration of Restrictions upon which it claims the Defendant's liability rests. The Plaintiff failed to address this issue and, consequently, has failed to meet its burden of proof. Begley's testimony that the Declaration admitted into evidence is what the Association currently operates under did not meet the burden of establishing what restrictions, if any, the Defendant assumed when he purchased his lots fourteen years earlier. Since the Plaintiff has failed to prove that the Defendant agreed, when he purchased the lots, to be personally liable for the Association's assessments on those lots, judgment shall enter for the Defendant.
By the Court,
Scholl, J.